UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KELIS CORPORATION d/b/a HAZARDVILLA
RESTAURANT, JAMES KELIS and
DEBORAH KELIS
        Plaintiffs                      :        CIVIL ACTION
                                                              NO.: 301CV1120 CFD
        v.                                    :

LEXINGTON INSURANCE COMPANY    :        JANUARY 21, 2005
        Defendant

## MOTION FOR PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the defendant in the above-referenced matter seeks a protective order limiting the scope of permissible inquiry by the plaintiffs at the deposition of defendant, Lexington Insurance Company (the undersigned defendant has designated William Lamond, Claim Representative and Steve Silverman, Underwriter, as the two deponents), currently noticed for Tuesday February 4, 2005. In their Re-Notice of Deposition of the Lexington Insurance Company, the plaintiffs note that the deposition will concern the following issues, inter alia:

\*\*\*

2. The reason and basis of your denial of the fire claim brought by James and Deborah Kelis and Kelis Corporation.

SR/220099/bsw

3. Any and all facts and evidence in support of your decision to deny the plaintiffs' claim.

See Plaintiffs' Re-Notice of Deposition of the Lexington Insurance Co. dated December 28, 2004, attached as **EXHIBIT A**, hereto.

The defendant seeks a protection order for the permissible inquiry into the above referenced areas as the plaintiffs have recently amended their complaint, in which they withdrew the counts sounding in bad faith, emotional distress and violations of Connecticut Unfair Trade Practices Act/Connecticut Unfair Insurance Practices Act. Therefore, the inquiry into the above line of issues is irrelevant and immaterial to the issues of the present action.

The undersigned defendant also seeks a protective order limited the production requests attached to the subject re-Notice of Deposition for the "Lexington Insurance Company." The subject production requests attached to the Re-Notice requests the designated deponent to produce, inter alia:

1. Your complete and entire file maintained in your home, regional or other offices pertaining to the insurance policy or policies issued to the Hazardvilla Restaurant and/or James and Deborah Kelis and/or Kelis Corporaition and insuring premises known as the Hazardvilla Restaurant.

3. Your complete and entire file, whether maintained in you home, regional or other offices pertaining to a fire which occurred at the Hazardvilla Restaurant which fire occurred on or about October 17, 2000.

5. Your complete and entire adjusting files pertaining to the fire which occurred at the Hazardvilla Restaurant which fire occurred on or about October 17, 2000.

6. Your complete and entire supervisors and/or managers' files pertaining to the fire which occurred at the hazardvilla Restaurant on or about October 17, 2000.

9. Any and all correspondence from Lexington Insurance Company and any third parties, other than correspondence between Lexington and its attorney, concerning James and Deborah Kelis and/or Kelis Corporation and/or a fire which occurred at the hazardvilla Restaurant on or about October 17, 2000.

10. Any and all documentation, correspondence or any other file information concerning a fire which occurred at the Hazardvilla Restaurant other than attorney correspondence after the date of your denial of this claim.

11. Your complete and entire claims manual in effect on the date of the loss which is the subject of this claim.

See **EXHIBIT A**.

The defendant seeks a protection order for the production of the above referenced requests as the plaintiffs on December 29, 2004 amended their complaint, in which they withdrew the counts sounding in bad faith, emotional distress and violations of Connecticut Unfair Trade Practices Act/Connecticut Unfair Insurance Practices Act.  Therefore, the above identified requests for production are irrelevant and immaterial to the issues of the present action.

WHEREFORE, the defendant respectfully seeks an order limiting the plaintiffs' scope of permissible questioning during the deposition of Mr. Lamond and Mr. Silverman as the above-identified issues are irrelevant and immaterial to the present action.  The defendant also seeks an order limiting the plaintiff's production requests as the above-identified requests are irrelevant and immaterial to the present action.

                DEFENDANT, LEXINGTON INSURANCE COMPANY.

                BY _____/S/_____
                      Steven B. Ryan
                      Skelley Rottner P.C.
                      P.O. Box 340890
                      Hartford, CT  06134-0890
                      (860) 561-7077
                      Fed. Bar No. ct22570

## **ORDER**

The foregoing having been presented to this court, it is hereby ORDERED:

1.  SUSTAINED / OVERRULED.

3.  SUSTAINED / OVERRULED.

5.  SUSTAINED / OVERRULED.

6.  SUSTAINED / OVERRULED.

9.  SUSTAINED / OVERRULED.

10. SUSTAINED / OVERRULED.

11. SUSTAINED / OVERRULED.

                                        BY THE COURT

                                        _____

                                              Judge/Clerk

## **CERTIFICATION**

      I hereby certify that a copy of the above was mailed via U.S. Mail, postage prepaid, on January 21, 2005, to the following counsel of record:


Jon D. Biller, Esq.
Biller, Sachs, Raio & Bonadies
2750 Whitney Avenue
Hamden, Ct  06518


                                               /S/
                                        Steven B. Ryan


SR227797