UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KELIS CORPORATION d/b/a HAZARDVILLA RESTAURANT, JAMES KELIS and DEBORAH KELIS | | |
|     Plaintiffs | : | CIVIL ACTION NO.: 301CV1120 CFD |
| v. | : | |
| LEXINGTON INSURANCE COMPANY     Defendant/Third Party Plaintiff | : | |
| v. | : | |
| JAMES KELIS     Third Party Defendant | : | JANUARY 21, 2005 |

### REQUEST FOR LEAVE TO FILE THIRD PARTY COMPLAINT

Pursuant to Federal Rules of Civil Procedure 14, the defendant/third party plaintiff, Lexington Insurance Company, hereby requests leave to file a Third Party Complaint against James Kelis. A copy of the proposed Summons and Third Party Complaint is attached hereto. The undersigned defendant/third party plaintiff's arguments for are more fully set forth below.

**STATEMENT OF FACT:**

This lawsuit arises from a fire that occurred to the Hazardvilla Restaurant located at 276 North Maple Street, Enfield, Connecticut on or about October 17, 2000. This action was

originally commenced by the plaintiffs, James Kelis, Deborah Kelis and Kelis Corporation d/b/a Hazardvilla Restaurant against the undersigned defendant on or about June 18, 2001, as a result of Lexington's denial of the claim made by the plaintiffs.  Subsequent to the lawsuit being commenced against the undersigned defendant, James Kelis plead guilty pursuant to the <u>Alfred</u> Doctrine to arson in connection with the subject fire.

On December 29, 2004, the plaintiffs filed a Request for Leave to Amend their Complaint.  In their Amended Complaint, the plaintiffs removed their counts of bad faith, emotional distress and violations of Connecticut Unfair Insurance Practices Act/Connecticut Unfair Trade Practices Act and removed James Kelis as a party from the present action.

The undersigned defendant/third party plaintiff seeks permission to file a third party action against James Kelis wherein Lexington Insurance Company has alleged that the fire was the result of the intentional action by or at the direction of James Kelis.  Therefore, if Lexington Insurance Company becomes obligated to pay sums pursuant to the policy to the plaintiffs, Deborah Kelis and/or Kelis Corporation, the obligation of which Lexington specifically denies, then Lexington Insurance Company will be entitled to seek indemnification from James Kelis for his intentional conduct in connection with the subject fire loss pursuant to the doctrine of equitable subrogation.

Wherefore, the defendant/third party plaintiff's request leave to file third party action against James Kelis.

DEFENDANT/THIRD PARTY PLAINTIFF,
LEXINGTON INSURANCE COMPANY.

By_____/S/_____
  Steven B. Ryan
  Skelley Rottner P.C.
  Corporate Center West
  433 South Main Street.
  West Hartford, CT 06110
  860-561-7077
  Federal Bar No. ct22570

### CERTIFICATION

This is to certify that a copy hereof was mailed, postage prepaid, on January 21, 2005 to all pro se parties and counsel of record as follows:

Jon D. Biller, Esq.
Biller, Sachs, Raio & Bonadies
2750 Whitney Avenue
Hamden, Ct 06518

_____/S/_____
  Steven B. Ryan

SR227992