## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

**KELIS CORPORATION d/b/a HAZARDVILLA**
**RESTAURANT, JAMES KELIS and**
**DEBORAH KELIS**

|  |  |  |
|---|---|---|
| **Plaintiffs** | : | **CIVIL ACTION** |
|  |  | **NO.: 301CV1120 CFD** |
| **v.** | : |  |
|  |  |  |
| **LEXINGTON INSURANCE COMPANY** | : | **JANUARY 21, 2005** |
| **Defendant** |  |  |

### MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the defendant in the above-referenced matter seeks a protective order limiting the scope of permissible inquiry by the plaintiffs at the deposition of defendant, Lexington Insurance Company (the undersigned defendant has designated William Lamond, Claim Representative and Stephen Silverman as the two deponents), currently noticed for Tuesday February 4, 2005.  The defendant also seeks a protective order for the requests for production (identified below) that were attached to the subject deposition re-notice.  The defendant's arguments are more fully set forth below.

**I.    Facts**

On or about October 17, 2000, a fire occurred at the Hazardvilla Restaurant located on 276 North Maple Street, Enfield, Connecticut.  As a result of the subsequent fire loss, the

SR/220099/bsw

plaintiffs, James Kelis, Deborah Kelis and Kelis Corporation filed a claim with the undersigned defendant. After the subject fire occurred , an investigation was performed by the State and local officials, as well as Lexington Insurance Company. On June 25, 2001, the plaintiffs' claim was denied. Subsequent to the denial, the plaintiff, James Kelis, plead guilty to arson pursuant to the Alford Doctrine, in connection with the subject fire. Pursuant to that plea, Mr. Kelis admitted that the State had enough evidence to prove beyond a reasonable doubt that he had committed arson in connection with the subject fire.

The plaintiffs commenced suit against the undersigned defendant on June 18, 2001. The plaintiffs' complaint alleged breach of contract, bad faith, violations of Connecticut Unfair Insurance Practices Act/Connecticut Unfair Trade Practices Act, emotional distress, negligence and reformation of the subject policy. The defendant specifically denied all material allegations and asserted six affirmative defenses.

On January 11, 2002, the undersigned law firm produced to the plaintiffs, the entire claims file up to the date of denial, except for those materials for which the defendant asserted the attorney-client privilege. The claims file includes the defendant's entire investigation of the subject fire.

On December 29, 2004, the plaintiffs amended their complaint and removed the counts sounding in bad faith, violations of Connecticut Unfair Insurance Practices Act/Connecticut

Unfair Trade Practices Act and emotional distress.  The amended complaint also removed the plaintiff, James Kelis as a party from the present action.

As a result of the amended complaint, the only issue remaining in the present action is whether James or Deborah Kelis had any involvement in connection with the subject fire. Any requested discovery involving the circumstances in connection with the denial of this claim are irrelevant and immaterial to the present action.

**II.**    **LAW & ARGUMENT**

  **A.**    **The Plaintiffs' Requests for Production # 11 Attached to the Deposition Notice Dated December 28, 2004 is Irrelevant and Immaterial to the Present Action.**

The plaintiffs' Re-Notice of Deposition of the Lexington Insurance Company dated December 28, 2004, requests the designated deponent to produce, inter alia, the following:

   11. Your complete and entire claims manual in effect on the date of the loss which is the subject of this action.

See Plaintiffs' Re-Notice of Deposition of the Lexington Insurance Co. dated December 28, 2004, attached as **EXHIBIT A**, hereto.

The above referenced request for production is irrelevant and immaterial to the present action. Since the plaintiffs' amended their complaint, which removed the extra-contractual claims against the defendant, the requested documents have no bearing on the triable issues in this

action.  Rule 26(b)(1) of the Federal Rules of Civil Procedure states in part, "parties may obtain discovery regarding any matter not privileged that is relevant to the *claim* or defense of any party" (emphasis added). "In discovery, relevance is even broader: information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery." See Daval Steel Prods. V. M/V Fakredine, 951 F. 2d. 1357, 1367 (2d Cir. 1991); Morsel Diesel, Inc. v. Fid. & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).  In addition, "whether a specific discovery request seeks information relevant to a claim or defense will turn on the specific circumstances of the pending action" See 6 James Wm. Moore, et al., *Moore's Federal Practice* § 26.41[6][c] (3d ed.2002)(citing FRCP 26(b)(1) advisory committee's note (2000)).  The specific circumstances of the pending action no longer involve issues surrounding the defendant's denial of the plaintiffs' claim because the plaintiffs amended their complaint. The request is not relevant to the claim of breach of contract, negligence or reformation.  The request identified above is not reasonably calculated to lead to the discovery of admissible evidence.

In addition, the undersigned defendant has already produced its entire claim file to the plaintiffs on January 11, 2002, excluding certain privileged material contained therein.  The claims file includes the defendant's entire investigation of the subject fire.  In addition, any information created or contained in the claims file, after the plaintiffs' claim was denied was

developed in anticipation of litigation and in conjunction with counsel and is, therefore, protected by the attorney/client and/or work/product privileges.

Therefore, the undersigned defendant respectfully requests the Court to grant its Motion for a Protective Order as the above identified request for production is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the above requested Protective Order as to the production requests, the undersigned defendant will produce any additional portion of the above requests which include materials pertaining to investigation of the subject fire that occurred on or about October 17, 2000, which not have been previously produced.

**B.**    **The Plaintiffs' Requests for Production # 1 Attached to the Deposition Notice Dated December 28, 2004 is Irrelevant and Immaterial to the Present Action.**

The plaintiffs' Re-Notice of Deposition of the Lexington Insurance Company dated December 28, 2004, requests the designated deponent to produce, inter alia, the following:

1.    Your complete and entire file maintained in your home, regional or other offices pertaining to the insurance policy or policies issued to the Hazardvilla Restaurant and/or James and Deborah Kelis and/or Kelis Corporation and insuring premises known as the Hazardvilla Restaurant.

See Plaintiffs' Re-Notice of Deposition of the Lexington Insurance Co. dated December 28, 2004, attached as **EXHIBIT A**, hereto.

The above referenced request for production is irrelevant and immaterial to the present action. Since the plaintiffs' amended their complaint, which removed the extra-contractual claims against the defendant, the requested documents have no bearing on the triable issues in this action.  Rule 26(b)(1) of the Federal Rules of Civil Procedure states in part, "parties may obtain discovery regarding any matter not privileged that is relevant to the *claim* or defense of any party" (emphasis added). "In discovery, relevance is even broader: information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery." See Daval Steel Prods. V. M/V Fakredine, 951 F. 2d. 1357, 1367 (2d Cir. 1991); Morsel Diesel, Inc. v. Fid. & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).  In addition, "whether a specific discovery request seeks information relevant to a claim or defense will turn on the specific circumstances of the pending action" See 6 James Wm. Moore, et al., *Moore's Federal Practice* § 26.41[6][c] (3d ed.2002)(citing FRCP 26(b)(1) advisory committee's note (2000)).  The specific circumstances of the pending action no longer involve issues surrounding the defendant's denial of the plaintiffs' claim because the plaintiffs amended their complaint. The request is not relevant to the claim of breach of contract, negligence or reformation.  The request identified above is not reasonably calculated to lead to the discovery of admissible evidence.

In addition, the undersigned defendant has already produced its entire claim file to the plaintiffs on January 11, 2002, excluding certain privileged material contained therein. The claims file includes the defendant's entire investigation of the subject fire. In addition, any information created or contained in the claims file, after the plaintiffs' claim was denied was developed in anticipation of litigation and in conjunction with counsel and is, therefore, protected by the attorney/client and/or work/product privileges.

Therefore, the undersigned defendant respectfully requests the Court to grant its Motion for a Protective Order as the above identified request for production is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

**C.    The Plaintiffs' Requests for Production # 3 Attached to the Deposition Notice Dated December 28, 2004 is Irrelevant and Immaterial to the Present Action.**

The plaintiffs' Re-Notice of Deposition of the Lexington Insurance Company dated December 28, 2004, requests the designated deponent to produce, inter alia, the following:

> 3.     Your complete and entire file, whether maintained in your home, regional or other offices pertaining to a fire which occurred at the Hazardvilla Restaurant which fire occurred on or about October 17, 2000.

See Plaintiffs' Re-Notice of Deposition of the Lexington Insurance Co. dated December 28, 2004, attached as **EXHIBIT A**, hereto.

The above referenced request for production is irrelevant and immaterial to the present action. Since the plaintiffs' amended their complaint, which removed the extra-contractual claims against the defendant, the requested documents have no bearing on the triable issues in this action. Rule 26(b)(1) of the Federal Rules of Civil Procedure states in part, "parties may obtain discovery regarding any matter not privileged that is relevant to the *claim* or defense of any party" (emphasis added). "In discovery, relevance is even broader: information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery."  See Daval Steel Prods. V. M/V Fakredine, 951 F. 2d. 1357, 1367 (2d Cir. 1991); Morsel Diesel, Inc. v. Fid. & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).  In addition, "whether a specific discovery request seeks information relevant to a claim or defense will turn on the specific circumstances of the pending action" See 6 James Wm. Moore, et al., *Moore's Federal Practice* § 26.41[6][c] (3d ed.2002)(citing FRCP 26(b)(1) advisory committee's note (2000)).  The specific circumstances of the pending action no longer involve issues surrounding the defendant's denial of the plaintiffs' claim because the plaintiffs amended their complaint. The request is not relevant to the claim of breach of contract, negligence or reformation.  The request identified above is not reasonably calculated to lead to the discovery of admissible evidence.

In addition, the undersigned defendant has already produced its entire claim file to the plaintiffs on January 11, 2002, excluding certain privileged material contained therein. The claims file includes the defendant's entire investigation of the subject fire. In addition, any information created or contained in the claims file, after the plaintiffs' claim was denied was developed in anticipation of litigation and in conjunction with counsel and is, therefore, protected by the attorney/client and/or work/product privileges.

Therefore, the undersigned defendant respectfully requests the Court to grant its Motion for a Protective Order as the above identified request for production is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

**D.** **The Plaintiffs' Requests for Production # 5 Attached to the Deposition Notice Dated December 28, 2004 is Irrelevant and Immaterial to the Present Action.**

The plaintiffs' Re-Notice of Deposition of the Lexington Insurance Company dated December 28, 2004, requests the designated deponent to produce, inter alia, the following:

    5.    Your complete and entire adjusting files pertaining to the fire, which occurred at the Hazardvilla Restaurant which fire occurred on or about October 17, 2000.

See Plaintiffs' Re-Notice of Deposition of the Lexington Insurance Co. dated December 28, 2004, attached as **EXHIBIT A**, hereto.

The above referenced request for production is irrelevant and immaterial to the present action. Since the plaintiffs' amended their complaint, which removed the extra-contractual claims against the defendant, the requested documents have no bearing on the triable issues in this action. Rule 26(b)(1) of the Federal Rules of Civil Procedure states in part, "parties may obtain discovery regarding any matter not privileged that is relevant to the *claim* or defense of any party" (emphasis added). "In discovery, relevance is even broader: information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery." See Daval Steel Prods. V. M/V Fakredine, 951 F. 2d. 1357, 1367 (2d Cir. 1991); Morsel Diesel, Inc. v. Fid. & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988). In addition, "whether a specific discovery request seeks information relevant to a claim or defense will turn on the specific circumstances of the pending action" See 6 James Wm. Moore, et al., *Moore's Federal Practice* § 26.41[6][c] (3d ed.2002)(citing FRCP 26(b)(1) advisory committee's note (2000)). The specific circumstances of the pending action no longer involve issues surrounding the defendant's denial of the plaintiffs' claim because the plaintiffs amended their complaint. The request is not relevant to the claim of breach of contract, negligence or reformation. The request identified above is not reasonably calculated to lead to the discovery of admissible evidence.

In addition, the undersigned defendant has already produced its entire claim file to the plaintiffs on January 11, 2002, excluding certain privileged material contained therein. The claims file includes the defendant's entire investigation of the subject fire. In addition, any information created or contained in the claims file, after the plaintiffs' claim was denied was developed in anticipation of litigation and in conjunction with counsel and is, therefore, protected by the attorney/client and/or work/product privileges.

Therefore, the undersigned defendant respectfully requests the Court to grant its Motion for a Protective Order as the above identified request for production is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

**E.** **The Plaintiffs' Requests for Production # 6 Attached to the Deposition Notice Dated December 28, 2004 is Irrelevant and Immaterial to the Present Action.**

The plaintiffs' Re-Notice of Deposition of the Lexington Insurance Company dated December 28, 2004, requests the designated deponent to produce, inter alia, the following:

> 6.     Your complete and entire supervisors and/or managers files pertaining to the fire which occurred at the Hazardvilla Restaurant which fire occurred on or about October 17, 2000.

See Plaintiffs' Re-Notice of Deposition of the Lexington Insurance Co. dated December 28, 2004, attached as **EXHIBIT A**, hereto.

The above referenced request for production is irrelevant and immaterial to the present action. Since the plaintiffs' amended their complaint, which removed the extra-contractual claims against the defendant, the requested documents have no bearing on the triable issues in this action.  Rule 26(b)(1) of the Federal Rules of Civil Procedure states in part, "parties may obtain discovery regarding any matter not privileged that is relevant to the *claim* or defense of any party" (emphasis added). "In discovery, relevance is even broader: information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery."  See Daval Steel Prods. V. M/V Fakredine, 951 F. 2d. 1357, 1367 (2d Cir. 1991); Morsel Diesel, Inc. v. Fid. & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).  In addition, "whether a specific discovery request seeks information relevant to a claim or defense will turn on the specific circumstances of the pending action"  See 6 James Wm. Moore, et al., *Moore's Federal Practice* § 26.41[6][c] (3d ed.2002)(citing FRCP 26(b)(1) advisory committee's note (2000)).  The specific circumstances of the pending action no longer involve issues surrounding the defendant's denial of the plaintiffs' claim because the plaintiffs amended their complaint. The request is not relevant to the claim of breach of contract, negligence or reformation.  The request identified above is not reasonably calculated to lead to the discovery of admissible evidence.

In addition, the undersigned defendant has already produced its entire claim file to the plaintiffs on January 11, 2002, excluding certain privileged material contained therein. The claims file includes the defendant's entire investigation of the subject fire. In addition, any information created or contained in the claims file, after the plaintiffs' claim was denied was developed in anticipation of litigation and in conjunction with counsel and is, therefore, protected by the attorney/client and/or work/product privileges.

Therefore, the undersigned defendant respectfully requests the Court to grant its Motion for a Protective Order as the above identified request for production is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

F.    **The Plaintiffs' Requests for Production # 9 Attached to the Deposition Notice Dated December 28, 2004 is Irrelevant and Immaterial to the Present Action.**

The plaintiffs' Re-Notice of Deposition of the Lexington Insurance Company dated December 28, 2004, requests the designated deponent to produce, inter alia, the following:

9.    Any and all correspondence between Lexington Insurance Company and any third parties, other than correspondence between Lexington and its attorney, concerning James and Deborah Kelis and/or Kelis Corporation and/or a fire which occurred at the Hazardvilla Restaurant on or about October 17, 2000.

See Plaintiffs' Re-Notice of Deposition of the Lexington Insurance Co. dated December 28, 2004, attached as **EXHIBIT A**, hereto.

- 13 -

The above referenced request for production is irrelevant and immaterial to the present action. Since the plaintiffs' amended their complaint, which removed the extra-contractual claims against the defendant, the requested documents have no bearing on the triable issues in this action.  Rule 26(b)(1) of the Federal Rules of Civil Procedure states in part, "parties may obtain discovery regarding any matter not privileged that is relevant to the *claim* or defense of any party" (emphasis added). "In discovery, relevance is even broader: information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery."  See Daval Steel Prods. V. M/V Fakredine, 951 F. 2d. 1357, 1367 (2d Cir. 1991); Morsel Diesel, Inc. v. Fid. & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).  In addition, "whether a specific discovery request seeks information relevant to a claim or defense will turn on the specific circumstances of the pending action"  See 6 James Wm. Moore, et al., *Moore's Federal Practice* § 26.41[6][c] (3d ed.2002)(citing FRCP 26(b)(1) advisory committee's note (2000)).  The specific circumstances of the pending action no longer involve issues surrounding the defendant's denial of the plaintiffs' claim because the plaintiffs amended their complaint. The request is not relevant to the claim of breach of contract, negligence or reformation.  The request identified above is not reasonably calculated to lead to the discovery of admissible evidence.

In addition, the undersigned defendant has already produced its entire claim file to the plaintiffs on January 11, 2002, excluding certain privileged material contained therein. The claims file includes the defendant's entire investigation of the subject fire. In addition, any information created or contained in the claims file, after the plaintiffs' claim was denied was developed in anticipation of litigation and in conjunction with counsel and is, therefore, protected by the attorney/client and/or work/product privileges.

Therefore, the undersigned defendant respectfully requests the Court to grant its Motion for a Protective Order as the above identified request for production is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

**G.    The Plaintiffs' Requests for Production # 10 Attached to the Deposition Notice Dated December 28, 2004 is Irrelevant and Immaterial to the Present Action.**

The plaintiffs' Re-Notice of Deposition of the Lexington Insurance Company dated December 28, 2004, requests the designated deponent to produce, inter alia, the following:

10.    Any and all documentation, correspondence or any other file information concerning a fire which occurred at the Hazardvilla Restaurant other than attorney correspondence after the date of your denial of this claim.

- 15 -

<u>See</u> Plaintiffs' Re-Notice of Deposition of the Lexington Insurance Co. dated December 28, 2004, attached as **EXHIBIT A**, hereto.

The above referenced request for production is irrelevant and immaterial to the present action. Since the plaintiffs' amended their complaint, which removed the extra-contractual claims against the defendant, the requested documents have no bearing on the triable issues in this action.  "In discovery, relevance is even broader: information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery."  <u>See</u> <u>Daval Steel Prods. V. M/V Fakredine</u>, 951 F. 2d. 1357, 1367 (2d Cir. 1991); <u>Morsel Diesel, Inc. v. Fid. & Deposit Co</u>., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).  In addition, "whether a specific discovery request seeks information relevant to a claim or defense will turn on the specific circumstances of the pending action"  <u>See</u> 6 James Wm. Moore, et al., *Moore's Federal Practice* § 26.41[6][c] (3d ed.2002)(citing FRCP 26(b)(1) advisory committee's note (2000)).  The specific circumstances of the pending action no longer involve issues surrounding the defendants' denial of the plaintiffs' claim.  The request identified above is not reasonably calculated to lead to the discovery of admissible evidence.

In addition, the undersigned defendant has already produced its entire claim file to the plaintiffs on January 11, 2002, excluding any privileged material contained therein.  The claims file includes the defendant's entire investigation of the subject fire.  In addition, any information

created or contained in the claims file, after the plaintiffs' claim was denied was developed in anticipation of litigation and in conjunction with counsel and is, therefore, protected by the attorney/client and/or work/product privileges.

Therefore, the undersigned defendant respectfully requests the Court to grant its Motion for a Protective Order as the above identified request for production is irrelevant, immaterial and not reasonably likely to lead to the discovery of admissible evidence.

WHEREFORE, the defendant respectfully seeks an order limiting the plaintiffs' scope of permissible questioning during the deposition of Mr. Lamond and Mr. Silverman as the above-identified issues are irrelevant and immaterial to the present action.  The defendant also seeks an order limiting the plaintiff's production requests as the above-identified requests are irrelevant and immaterial to the present action.

DEFENDANT, LEXINGTON INSURANCE
COMPANY.

BY _____/S/_____
　　　　　　Steven B. Ryan
　　　　　　Skelley Rottner P.C.
　　　　　　P.O. Box 340890
　　　　　　Hartford, CT  06134-0890
　　　　　　(860) 561-7077
　　　　　　Fed. Bar No. ct22570


## CERTIFICATION

　　　　　I hereby certify that a copy of the above was mailed via U.S. Mail, postage prepaid, on
January 21, 2005, to the following counsel of record:


Jon D. Biller, Esq.
Biller, Sachs, Raio & Bonadies
2750 Whitney Avenue
Hamden, Ct  06518


_____/S/_____
　　　　　　Steven B. Ryan


SR227987