UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KELIS CORPORATION d/b/a HAZARDVILLA
RESTAURANT, JAMES KELIS and
DEBORAH KELIS
      Plaintiffs              :        CIVIL ACTION
                                                              NO.: 301CV1120 CFD

      v.                                 :

LEXINGTON INSURANCE COMPANY         :
      Defendant/Third Party Plaintiff

**MEMORANDUM OF LAW IN SUPPORT OF DEFNDANT'S REPLY TO THE PLAINTIFFS' OBJECTION TO REQUEST FOR LEAVE TO FILE THIRD PARTY COMPLAINT DATED JANUARY 21, 2005**

       The undersigned defendant respectfully requests this court to overrule the plaintiffs' Objection and to grant the undersigned defendant's Motion for Leave to File a Third Party Complaint against James Kelis. The defendant's arguments are more fully set forth below.

LAW AND ARGUMENT:

       Rule 14 of the Federal Rules for Civil Procedure states in part:

> (a) **When Defendant May Bring in Third Party**. At *any time* after commencement of the action a defending party, as third party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against the third party plaintiff.

(emphasis added)

Rule 14 quite simply states that at *any time* after the commencement of the action, the undersigned defendant may serve a third party action against James Kelis. "The rule 'was designed to permit the liberal joining of two parties so that judicial energy could be conserved and consistency of results guaranteed.'" New York v. Solvent Chemical Company, Inc., 875 F.Supp.1015, 1021 (quoting Olympic Corp. v. Societe Generale, 462 F.2d 376-379 (2d Cir. 1972). "Its purpose is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against [a third party] who may be secondarily or derivatively liable." McLaughlin v.Biasucci 688 F.Supp. 965,967 (S.D.N.Y. 1988). "The decision to grant leave is discretionary with the court and 'care must be taken to avoid prejudice to the plaintiff or third party defendant'" See New York v. Solvent Chemical Company, Inc., at 1021 (quoting Olympic Corp. v.Societe Generale, 462 F.2d at 379). In applying the standard, courts must consider amongst other things, whether the impleading would unduly delay or complicate the trial. See id.

The undersigned defendant's filing of the third party action against James Kelis would not unduly delay or complicate the trial in the above captioned matter. The third party complaint does not raise any new issues of law or facts in this matter. The undersigned defendant alleged in its answer and affirmative defenses of August 21, 2001, that the subject fire was set by or at the direction of James Kelis. One of the central issues in the present case,

is the involvement of Deborah Kelis, James Kelis or Kelis Corporation in the setting of the subject fire.  The primary allegation/issue in the third party complaint is in regards to James Kelis involvement in the subject fire, which is the same issue being litigated in the first party action.  Therefore, no additional discovery/evidence is required as a result of the third party complaint.   In addition, the filing of this third party action would promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against Mr. Kelis. Therefore, there would be no unduly delay or complication in the trial of the first party action and such a filing would promote judicial efficiency.

"'As long as a third party action falls within the general contours limned by rule 14 (a), does not contravene customary jurisdictional or venue requirements, and will not work unfair prejudice, a district court shall not preclude its prosecution.'"   Marseilles Hydro Power LLC v. Marseilles Land and Water Company, 299 F.3d 643(2002) (quoting Lehman v. Revolution Portfolio L.L.C., 166 F.3d. 389 (1st Cir. 1999)).  In their Objection, the plaintiffs' have failed to identify any type of prejudice that they would sustain as a result of the filing of the third party action. The filing of a third party action against James Kelis will not "work unfair prejudice" against the plaintiffs.

WHEREFORE, the undersigned defendant respectfully requests this Court to grant its Motion for Leave to File a Third Party Complaint against James Kelis.

DEFENDANT, LEXINGTON INSURANCE COMPANY.

By_____/S/_____
Steven B. Ryan
Skelley Rottner P.C.
Corporate Center West
433 South Main Street.
West Hartford, CT 06110
860-561-7077
Federal Bar No. ct22570

## **CERTIFICATION**

      This is to certify that a copy hereof was mailed, postage prepaid, February 4, 2005, to all pro se parties and counsel of record as follows:

Jon D. Biller, Esq.
Biller, Sachs, Raio & Bonadies
2750 Whitney Avenue
Hamden, Ct  06518


                                            /S/
                                        Steven B. Ryan

SR227992