UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KELIS CORPORATION d/b/a | : | CIVIL NO. 301CV1120 (CFD) |
|     Plaintiffs | : | |
| | : | |
| VS. | : | |
| | : | |
| LEXINGTON INSURANCE CO. | : | February 8, 2005 |
|     Defendant | | |

**SUR-REPLY IN SUPPORT OF PLAINTIFFS OBJECTION TO DEFENDANT'S REQUEST FOR LEAVE TO FILE THIRD PARTY COMPLAINT**

The Plaintiffs file this Sur-reply in support of their Objection to Defendant's Request for Leave to File Third Party Complaint dated January 21, 2005.

FACTS:

This action was originally commenced as a result of the denial by the Defendant of a fire loss claim presented to it by the Plaintiffs. This action initially alleged breach of contract, bad faith, unfair insurance practices and the infliction of emotional distress. Subsequently James Kelis was arrested and charged with the crime of arson and this case was stayed pending the criminal prosecution.

Subsequent to his arrest, Mr. Kelis plead under the Alford Doctrine to the crime of arson. Recently the parties have begun re-prosecuting and defending this case, and on December 29, 2004 the Plaintiffs requested leave to amend their complaint by deleting all

allegations of extra contractual claims and by removing James Kelis as a Plaintiff to the action. Thereafter, the Plaintiffs withdrew that part of their request for leave to amend seeking the deletion of James Kelis as a party. Accordingly, absent a ruling from this Court to the contrary, Mr. Kelis, Mrs. Kelis and their corporation remain Plaintiffs in this case.

LAW:

The Defendant has cited Rule 14 of the Federal Rules of Civil Procedure in support of its request to file a third party complaint. However, Rule 14 clearly provides that a third party complaint can only be served upon "a person not a party to the action…" As of today's date, Mr. Kelis remains a party to the action and therefore a third party complaint under Rule 14 is not allowed and is an inappropriate for asserting claims against a party.

If the Defendant wishes to assert a claim against Mr. Kelis, it had the right and opportunity to do so by way of a counterclaim or other appropriate pleading. In fact, the Defendant alleged as early as August of 2001 that Mr. Kelis caused the fire and could and should have asserted claims against him at that time.

The Defendant's effort to assert a claim against Mr. Kelis now is untimely and cannot be done by way of a third party complaint as Mr. Kelis is still a party to this action.

CONCLUSION:

       Wherefore, Plaintiffs request that their Objection to Defendant's Request for Leave to File Third Party Complaint be sustained.

                                  THE PLAINTIFFS

                              BY_____
                                   JON D. BILLER
                                   Biller, Sachs, Raio & Zito
                                   2750 Whitney Avenue
                                   Hamden, CT  06518
                                   203.281.1717
                                   Federal Bar No. CT03546

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KELIS CORPORATION d/b/a | : | |
| HAZARDVILLA RESTAURANT, | : | |
| JAMES KELIS AND DEBORAH KELIS | : | CIVIL NO. 301CV1120 (CFD) |
|     Plaintiffs | : | |
| | : | |
| VS. | : | |
| | : | |
| LEXINGTON INSURANCE CO. | : | February 8, 2005 |

## CERTIFICATION

     I hereby certify that a copy of the foregoing was sent to all counsel and pro se parties of record on the above date including:

Steven B. Ryan, Esq.

Skelley, Rottner, PC
P.O. Box 340890
Hartford, CT 06134-0890

 

_____
Jon D. Biller
Biller, Sachs, Raio & Zito
2750 Whitney Avenue
Hamden, CT 06518
(203) 281-1717
Federal Bar No. ct03546