UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KELIS CORPORATION d/b/a HAZARDVILLA
RESTAURANT, JAMES KELIS and
DEBORAH KELIS
      Plaintiffs                    :      CIVIL ACTION
                                          NO.: 301CV1120 CFD
    v.                                     :

LEXINGTON INSURANCE COMPANY    :      FEBRUARY 15, 2005
      Defendant

**MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANT'S
SUPPLEMENT TO ITS MOTION FOR PROTECTIVE
ORDER DATED JANUARY 21, 2005**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the defendant in the above-referenced matter seeks a supplemental order under its Motion Protective Order dated January 21, 2005, requiring the plaintiffs to conduct the depositions of any employees of Lexington insurance Company (William F. Lamond and Steven Silverman) at its principal place of business located at 100 Summer Street, Boston, Massachusetts. The defendant's arguments are more fully set forth below.

**I.    Facts**

The plaintiffs' re-notice of deposition dated January 24, 2005, for William F. Lamond Jr., and the re-notice of deposition of Lexington Insurance Company dated January 24,

2005, have scheduled both depositions to occur at the offices of Skelley Rottner, P.C., 433 South Main Street, West Hartford, Connecticut.  See Depositions of Mr. Lamond and Lexington Insurance Company attached as **EXHIBIT A** hereto.

Mr. Lamond and Mr. Silverman are both employed and work out of Lexington's principal place of business located at 100 Summer Street, Boston, Massachusetts, which is approximately 105 miles away from the law offices of where the depositions are scheduled to be conducted.

**II.    LAW & ARGUMENT**

The undersigned defendant requests this court to enter an order requiring the plaintiffs to conduct the depositions of Mr. Lamond and Mr. Silverman at Lexington Insurance Company's principal place of business at 100 Summer Street, Boston, Massachusetts.

Rule 26(c)2 of the Federal Rules of Civil Procedure allows a court upon a showing of good cause to issue a protective order specifying the time and *place* of a deposition. (emphasis added).  "The trial court has great discretion in establishing the time and place of a deposition." See In Re Standard Metals Corporation vs. Standard Metals Corporation 817 F.2d 625,628 (10th Cir. 1987)(internal citations omitted).  "This discretion is guided by the presumption that ' [t]he deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business'especially when . . . the corporation is the defendant'." Salter v. Upjohn Co.,

593, F.2d 649, 651 (5th Cir. 1979); <u>Moore v. Pyrotech Corp.</u>, 137 F.R.D. 356 (D. Kan. 1991); <u>Rapoca Energy Co. v. Amci Export Sport Corp.</u> 199 F.R.D. 191; <u>Turner v. Prudential Insurance Co. of America</u> 119 F.R.D. 381, 383 (M.D.N.C. 1988); <u>Farquhar v. Shelden</u>, 116 F.R.D. 70 (E.D. Mich. 1987)); <u>Buzzeo v. Board of Education</u>, 178 F.R.D. 390 (E.D.N.Y. 1998); <u>Media Group, Inc. v. In-Finn-Ity, Productions, Inc.</u>, 2000 WL 303221 (D. Conn.); <u>Tailift USA, Inc. v. Tailift Co., Ltd.</u>, 2004 WL 722244 (N.D. Tex.). This presumption is based on the concept that "it is the plaintiff who brings the lawsuit and who exercise the first choice as to the forum." <u>Payton v. Sears, Roebuck & Co.</u>, 148 F.R.D. 667, 669 (N.D. Ga. 1993) (internal citations omitted). Courts have determined that this presumption satisfies the Rule 26(c) requirement of good cause. <u>See</u>, e.g., <u>Chris-Craft Indust. Prod., Inc. v. Kuraray Co., Ltd.</u> 184 605, 607 (N.D. Ill. 1999)("[t]he purposes underlying the general rule that the depositions should proceed at the corporation's principal place of business create a presumption that the corporation has good cause for a protective order." <u>SEE</u> <u>Id</u>.).

      Both the <u>Media Group, Inc.</u> and <u>Buzzeo</u> cases are Second Circuit cases in which the Courts have adhered to the general presumption in favor of conducting depositions of a corporation at its principal place of business. In <u>Media Group, Inc.</u>, the Court determined that the was no significant reason to part from the general presumption in favor of conducting the depositions of corporate officers at the corporation's principal place of business., and therefore,

granted the defendants' motion for protective order. <u>Media Group, Inc. v. In-Finn-Ity, Productions, Inc.</u>, 2000 WL 303221 (D. Conn.). In <u>Buzzeo</u>, both parties had their respective principal place of business within the same forum district. Although the Court stated that the general presumption, as stated above, loses its significance when both parties reside within the same forum district, the Court still determined that good cause was shown and thereby granted the defendants' Motion for Protective Order requiring the defendant's deposition be conducted as its principal place of business.

"To alter the chosen situs for a Rule 30(b)(6) deposition, the party seeking protection should demonstrate its principal place of business to be different from the location designated by the notice." See <u>Starlight International Inc. v. Herlihy</u>, 186 F.R.D. 626, 644 (D. Kan. 1999).

The principal place of business of Lexington Insurance Company is located at 100 Summer Street, Boston, Massachusetts which is approximately 105 miles distance from the location of the deposition the plaintiffs have scheduled for Mr. Lamond and Mr. Silverman. There is a general presumption that the deposition of a corporation through its agents or officers should be taken at the corporation's principal place of business, therefore the depositions of Mr. Lamond and Mr. Silverman should be conducted at its principal place of business in Boston, Massachusetts. As cited above, Courts have determined that this presumption satisfies the Rule 26(c) of the Federal Rules of Civil Procedure requirement for good cause for a protective order.

Good cause exists and therefore thee Court should enter an order requiring the plaintiffs to conduct the depositions of Mr. Lamond and Mr. Silverman at 100 Summer Street, Boston, Massachusetts, the principal place of business of the undersigned defendant, Lexington Insurance Company.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the undersigned counsel certifies that the parties have been unable, in good faith, to resolve this discovery dispute and thereby the defendant respectfully requests this Court to rule on the subject Motion for Protective Order.

WHEREFORE, the defendant respectfully seeks an order requiring the plaintiffs to conduct the depositions of William F. Lamond and Steven Silverman of the defendant, Lexington Insurance Company at its principal place of business located at 100 Summer Street, Boston, Massachusetts, its principal place of business.

                DEFENDANT, LEXINGTON INSURANCE
                COMPANY.

BY _____/S/_____
        Steven B. Ryan
        Skelley Rottner P.C.
        P.O. Box 340890
        Hartford, CT  06134-0890
        (860) 561-7077
        Fed. Bar No. ct22570

# **CERTIFICATION**

      I hereby certify that a copy of the above was mailed via U.S. Mail, postage prepaid, on February 15, 2005, to the following counsel of record:


Jon D. Biller, Esq.
Biller, Sachs, Raio & Bonadies
2750 Whitney Avenue
Hamden, Ct  06518


                                            _____/S/_____
                                                       Steven B. Ryan


SR229038