UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KELIS CORPORATION d/b/a | : | |
| HAZARDVILLA RESTAURANT, | : | |
| JAMES KELIS AND DEBORAH KELIS | : | CIVIL NO. 301CV1120 (CFD) |
|     Plaintiffs | : | |
| | : | |
| VS. | : | |
| | : | |
| LEXINGTON INSURANCE CO. | : | March 22, 2005 |
|     Defendant | | |

### MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Pursuant to Rule 26 ( c) of the Federal Rules of Civil Procedure, the plaintiffs in the above referenced matter seek a protective order limiting the scope of permissible inquiry by the defendant at the deposition of Attorney Richard Cramer currently noticed for March 23, 2005 at 3:00 p.m., at the office of Richard Cramer, for the reason that Attorney Cramer was the plaintiff James Kelis' attorney and the deposition will likely attempt to invade the attorney/client privilege or seek other confidential information. While the plaintiffs and the defendant have discussed a mechanism to allow certain questioning, the plaintiffs require this protective order to confirm the privilege as to communications between the plaintiff, James Kelis and his former attorney, and to avoid any claim that the plaintiffs have waived the right to claim privilege as to further questions.

**I.      Facts**

On or about October 17, 2000, a fire occurred at the Hazardvilla Restaurant

located on 276 North Maple Street, Enfield, Connecticut, substantially destroying the restaurant and the building in which it was located, owned by the plaintiffs. The plaintiffs, James Kelis, Deborah Kelis, and Kelis Corporation filed this lawsuit as a result of the defendants having denied the claim alleging that Mr. Kelis deliberately set the fire or ordered someone to set the fire. This denial of the claim occurred on or about June 25, 2001. This lawsuit alleges a breach of the insurance contract and seeks monetary damages due under the insurance policy.

On or about October 21, 2003, the plaintiff, James Kelis, plead to the charge of arson pursuant to the Alford Doctrine in connection with said fire. At that time, he was represented by Attorney Richard Cramer of Wethersfield, Connecticut. For a substantial amount of time prior to his plea, Mr. Kelis had been represented by Mr. Cramer in connection with his arrest for arson and Mr. Cramer's representation of Mr. Kelis involved confidential information and attorney/client communications.

On or about March 9, 2005, the defendant filed a notice of deposition for Attorney Richard Cramer seeking to take his deposition at his offices in Wethersfield, Connecticut. Attorney Jon Biller for the plaintiffs and Attorney Joel Rottner for the defendants have discussed a mechanism whereby the deposition may proceed at a later date with a privilege being asserted on a question by question basis. The plaintiffs request that this protective order issue permitting them to answer certain questions and assert the privilege as to others without the claim by the defendant that the plaintiffs waived the right to assert the privilege.

**LAW AND ARGUMENT**

A.  The Defendant has noticed a deposition of Attorney Richard Cramer at the

offices of Richard Cramer. Attorney Cramer was the plaintiff, James Kelis' attorney. It is clear that conversations and discussions that Mr. Kelis had with his attorney are privileged. The attorney/client privilege protects confidential communications between the attorney and client in the request for legal advice. <u>Fisher v. United States,</u> 425 US 391(1976**)**. All of the communications that Mr. Kelis had with his attorney relating to the arrest and his subsequent plea under the <u>Alford</u> Doctrine, are all confidential and subject to this privilege.

While it is true that Attorney Cramer may be entitled to answer certain questions pertaining to himself, or as to areas of inquiry that do not involve communications or other privileged communications, it is likely that the bulk of the questioning will in fact attempt to invade the attorney/client privilege. At least one Court has held that it is important that a Protective Order be filed before a deposition is taken where the attorney/client privilege may be asserted to avoid a claim of waiver. <u>Perignon v. Bergen Brunswig Corp.,</u> 77 FRD 455 (1978).

The plaintiffs are requesting a protective order to limit the scope of the deposition of Attorney Richard Cramer so as to protect attorney/client communications. While counsel between the parties have discussed a mechanism whereby the deposition may proceed at a later date and the privilege asserted on a question by question basis, the plaintiffs require a protective order to issue to affirm James Kelis' right to assert the privilege as to certain questions and to avoid any claims that he has waived the privilege by answering others.

WHEREFORE, the plaintiffs respectfully request that a protective order be issued preventing an inquiry into attorney/client communications at the deposition of Attorney Richard Cramer and to the extent that the plaintiffs assert said privilege or permit questioning that they not be considered to have waived the right to assert the privilege as to other questions.

THE PLAINTIFFS

BY_____
JON D. BILLER
Biller, Sachs, Raio & Zito
2750 Whitney Avenue
Hamden, CT  06518
203-281-1717
Federal Bar No. CT03546

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KELIS CORPORATION d/b/a | : | |
| HAZARDVILLA RESTAURANT, | : | |
| JAMES KELIS AND DEBORAH KELIS | : | CIVIL NO. 301CV1120 (CFD) |
| **Plaintiffs** | : | |
| | : | |
| VS. | : | |
| | : | |
| LEXINGTON INSURANCE CO. | : | March 22, 2005 |
| **Defendant** | | |

## CERTIFICATION

    I hereby certify that a copy of the foregoing was sent to all counsel and pro se parties of record on the above date including:

Steven B. Ryan, Esq.
Joel Rottner, Esq.
Skelley, Rottner, PC
P.O. Box 340890
Hartford, CT 06134-0890


    Jon D. Biller
    Biller, Sachs, Raio & Zito
    2750 Whitney Avenue
    Hamden, CT 06518
    (203) 281-1717
    Federal Bar No. ct03546