UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KELIS CORPORATION d/b/a HAZARDVILLE
RESTAURANT, JAMES KELIS and
DEBORAH KELIS
        Plaintiffs                           :         CIVIL ACTION
                                                               NO.: 301CV1120 CFD
        v.                                     :

LEXINGTON INSURANCE COMPANY     :         MARCH 24, 2005
        Defendant

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES

The defendant, Lexington Insurance Company ("Lexington"), hereby responds to the plaintiffs' amended complaint dated January 28, 2005 as follows:

### By Way of Answer

**FIRST COUNT:**

    1.    As to Paragraph 1, the defendant, Lexington, has insufficient knowledge or information upon which to form a belief and therefore leaves the plaintiffs to their proof.

    2.    As to Paragraph 2, the defendant, Lexington, has insufficient knowledge or information upon which to form a belief and therefore leaves the plaintiffs to their proof.

    3.    Paragraph 3 is admitted.

    4.    Paragraph 4 is admitted.

    5.    Paragraph 5 is admitted.

    6.    Paragraph 6 is admitted.

    7.    So much of Paragraph 7 that alleges that the plaintiffs have paid all premiums due under the policy and that despite demand the plaintiff has failed and refused to pay the plaintiffs for their loss and damages is admitted. So much of Paragraph 7 that alleges that the plaintiffs have performed all obligations under the policy required by the defendant to be performed is denied.

**SECOND COUNT:**

    8-11.    The defendant's responses to paragraphs 4-7 of the First Count are hereby made defendant's responses to Paragraphs 8-11 of Count Two as if more fully set forth herein.

    12.    So much of Paragraph 12 that alleges that the plaintiffs have also made a claim to the defendant for loss and damage to business personal property, and the defendant has not paid said loss in accordance with the terms and conditions of the policy is admitted. So much of Paragraph 12 that alleges that the defendant not following with the terms and conditions of the policy therefore breached its contract with the plaintiffs is denied.

**THIRD COUNT:**

    1-12.    The defendant's responses to paragraphs 1-12 of the Second Count are hereby made defendant's responses to Paragraphs 1-12 of Count Three as if more fully set forth herein.

13. Paragraph 13 is denied.

14. Paragraph 14 is denied.

15. Paragraph 15 is denied.

**FOURTH COUNT:**

1-15. The defendant's responses to paragraphs 1-15 of the Third Count are hereby made defendant's responses to Paragraphs 1-15 of Count Four as if more fully set forth herein.

16. As to Paragraph 16, the defendant, Lexington, has insufficient knowledge or information upon which to form a belief and therefore leaves the plaintiffs to their proof.

17. Paragraph 17 is denied.

### By Way of Affirmative Defenses

**First Affirmative Defense**

The plaintiffs' complaint fails to state a claim upon which relief can be granted because the plaintiffs have failed to state the nature of the alleged loss and the provisions of the insurance policy that the plaintiffs allege would provide coverage for said loss.

**Second Affirmative Defense**

1. The policy of insurance, form MP 00 13, which describes coverage for the building at Section "**VII. EXCLUSIONS**," provides as follows:

> . . . **2.** This policy does not insure under this form against loss caused by:
>
> > **F.** . . . any willful or dishonest act or omission of the insured or any associate, employee or agent of any insured;

2. Pursuant to the foregoing provision, there is no coverage for the plaintiffs' loss because the fire that occurred on October 17, 2000 at 276 North Maple Street in Enfield, CT was intentionally set by or at the direction of one or more of the plaintiffs.

**Third Affirmative Defense**

1. The policy of insurance, form MP 00 14, which provides coverage for personal property, excludes from coverage at Section "**VII. EXCLUSIONS**" paragraph 2 the following:

> . . . 2. This policy does not insure under this form against loss caused by:
>
> > I. any fraudulent, dishonest or criminal act done by or at the instigation of any
> >
> > insured, partner or joint adventurer in or of any insured, an officer, director or trustee of any insured.

2. Pursuant to the foregoing provision, there is no coverage for the plaintiffs' loss because the fire that occurred on October 17, 2000 at 276 North Maple Street in Enfield, CT was intentionally set by or at the direction of one or more of the plaintiffs.

**Fourth Affirmative Defense**

1. The policy of insurance provides at form MP 00 90 "**SPECIAL MULTI-PERIL POLICY CONDITIONS AND DEFINITIONS – GENERAL CONDITIONS**" as follows:

> . . . **4. Concealment or Fraud.** This policy is void if any insured has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance.

2. Because one or more of the plaintiffs is responsible for the fire that occurred on October 17, 2000 at the premises located at 276 North Maple Street in Enfield, Connecticut, and/or because one or more of the plaintiffs has knowledge concerning the cause and origin of the fire and the identity of those responsible for said fire, the representations of the plaintiffs, James Kelis and Deborah Kelis, to the contrary at their Examination Under Oath and depositions and in their Proof of Loss constitute a breach of the above quoted policy provisions.

**Fifth Affirmative Defense**

1. The policy of insurance provides, at Form MP 00 90 "**SPECIAL MULTI-PERIL POLICY CONDITIONS AND DEFINITIONS/GENERAL CONDITIONS**" as follows:

> **9. Duties of the Named Insured After A Loss.** In case of loss the named insured shall:
>
> \* \* \* \*
>
> (c) Prepare an inventory of damaged personal property showing in detail, quantity, description, actual cash value and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;
>
> \* \* \* \*

        (e)    Submit to the company within 60 days after requested a signed, sworn statement of loss that sets forth to the best of the named insured's knowledge and belief:

            (1)    the time and cause of loss;
            (2)    interest of the insured and all others in the property involved and all encumbrances on the property;
            (3)    other policies of insurance that may cover the loss;
            (4)    changes in title or occupancy of the property during the term of the policy;
            (5)    specifications of any damaged building and detailed estimates for repair of the damage;
            (6)    an inventory of damaged personal property described in (c) above.

2. The policy of insurance, Form MP 00 90, further provides in Paragraph 15 that, "no suit shall be brought on this policy unless the insured has complied with all the policy provisions and has commenced the suit within one year after the loss occurs."

3. Although the plaintiff submitted a proof of loss on or about January 5, 2001, the proof of loss was rejected for several reasons, including the value of the building at the time of loss was not stated, the whole loss or damage was not stated, the net claim under the policy was not stated and there were no inventories or other supporting documents attached to support the claims made in the proof of loss as required by the policy.

    4.       The plaintiffs are barred from filing suit because they have failed to comply with all of the policy provisions, including a signed, sworn statement of loss containing information required by the policy of insurance.

## COUNTERCLAIM

    1.       The defendant/counterclaim plaintiff, Lexington Insurance Company, hereinafter "Lexington" is an Insurance Company incorporated in the state of Michigan and is authorized to conduct business in Connecticut.

    2.       The plaintiff/counterclaim defendant, James Kelis is a resident of the state of Connecticut, joint title holder of the real estate located at 276 North Maple Street, Enfield, Connecticut and is one of the officers/directors and owner of the plaintiff, Kelis Corporation.

    3.       By writ, summons and complaint dated June 18, 2001, the plaintiffs instituted the present action against the undersigned defendant in connection with a fire or loss that occurred on or about October 17, 2000 at the Hazardvilla Restaurant located at 276 North Maple Street, Enfield, Connecticut.

    4.       In their Amended Complaint dated January 28, 2005, the plaintiffs alleged breach of contract, negligence, and seek reformation of the insurance policy and seek to add Mrs. Kelis

and Mr. Kelis and the bank ABC Mortgage Company and/or New England Bank as an additional insured, the allegations of which were specifically denied.

5.      Lexington specifically denies any obligations to pay sums, pursuant to the policy, to the insured/plaintiff, Kelis Corporation.

6.      The defendant/counter claim plaintiff, Lexington, issued to the plaintiff, Kelis Corporation, a policy of insurance insuring the restaurant known as Hazardvilla Restaurant located in Enfield, Connecticut and barring policy number 835-5487.  This policy was in full force and effect at the time of the October 17, 2000 fire loss.

7.      The October 17, 2000 fire that occurred at the Hazardvilla Restaurant was intentionally set by or at the direction of plaintiff/counter claim defendant, James Kelis.

8.      If it is determined that Deborah Kelis is an innocent spouse and the defendant/counter claim plaintiff, Lexington Insurance Company is obligated to pay sums, pursuant to that determination and pursuant to the subject policy, the obligation of which Lexington specifically denies, then Lexington seeks recovery from James Kelis, for the losses and damages resulting from the fire, and therefore, Lexington seeks indemnification from the plaintiff/counterclaim defendant, James Kelis.

9.      If it is determined that the subject policy o insurance should be reformed to include ABC Mortgage Company and/or New England Bank as mortgagees and the

defendant/counterclaim plaintiff, Lexington Insurance Company, is obligated to pay sums pursuant to that determination and pursuant to the subject policy, the obligation of which Lexington specifically denies, then Lexington seeks recovery from James Kelis, for the sums that are paid to ABC Mortgage Company and/or New England Bank, as mortgagee, and therefore, Lexington seeks indemnification from the plaintiff/counterclaim defendant, James Kelis.

WHEREFORE, Lexington Insurance Company, claims indemnification, compensatory damages, punitive damages, costs of litigation, including attorney's fees as exemplary damages and such other and further relief that may be deemed just and equitable.

Respectfully submitted,

DEFENDANT, LEXINGTON INSURANCE
 COMPANY

By_____/S/_____
          Steven B. Ryan
          Skelley Rottner P.C.
          P.O. Box 340890
          Hartford, CT  06134-0890
          (860) 561-7077
          Fed. Bar No. ct22570

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was mailed, postage prepaid, on March 24, 2005 to the following counsel of record:

Jon D. Biller, Esq.
Biller, Sachs, Raio & Bonadies
2750 Whitney Avenue
Hamden, Ct  06518

                                                                                           _____/S/_____
                                                                                              Steven B. Ryan

SR/227677