**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **KELIS CORPORATION d/b/a** | : | |
| **HAZARDVILLA RESTAURANT,** | : | |
| **JAMES KELIS AND DEBORAH KELIS** | : | **CIVIL NO. 301CV1120 (CFD)** |
| **Plaintiffs** | : | |
| | : | |
| **VS.** | : | |
| | : | |
| **LEXINGTON INSURANCE CO.** | : | **April 6, 2005** |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S COUNTERCLAIM**

This memorandum of law is submitted in support of Plaintiffs' motion to strike

Defendant's counterclaim dated March 24, 2005.


PRELIMINARY STATEMENT OF FACTS:

This is a civil action stemming from a fire loss which occurred to the Plaintiff's

restaurant located in Enfield, Connecticut.  This action was commenced in this Court by way

of Complaint dated June 18, 2001 seeking damages for breach of contract, bad faith and

unfair insurance practices.  This action was stayed for a period of time as a result of the

criminal prosecution of one of the Plaintiffs.  That stay has been lifted, the parties have been

engaging in discovery and on January 28, 2005 the Plaintiffs requested leave to withdraw all

of the extra contractual counts of the complaint and the removal of James Kelis as a party.

Thereafter, the Plaintiffs amended their request for leave to withdraw by deleting the request

to remove Mr. Kelis from the lawsuit.  Prior to the request for leave to amend withdrawal, the

Defendants attempted to file a third party complaint against Mr. Kelis.

Thereafter, the parties participated in a conference with the Court and on February 28,

2005 the parties entered into a written stipulation which provided, among other things, that

the Defendant's motion for permission to file third party complaint was denied, that the

Plaintiff's extra contractual claims are dismissed with prejudice and that the Defendant file a

counterclaim instead of a third party complaint with the Plaintiff reserving the right to object

to the filing of the counterclaim based upon timeliness, prejudice, etc.  (A copy of the

Stipulation is attached hereto.)

The Defendant's counterclaim, contained within a pleading entitled amended answer

dated March 24, 2005, is untimely and should be stricken.


LAW:

The Plaintiffs filed a request for leave to amend complaint dated December 29, 2004.

That request was not objected to and on January 28, 2005 the Plaintiffs filed a partial

withdrawal of the request for leave to amend, only as it pertained to the request to remove

James Kelis.  All other parts of the December 29, 2004 request for leave to amend, which

included the deletion of all extra contractual counts, remained the same.  The Defendant did

not object to the request for leave or to the partial withdrawal, and instead earlier filed a third

party complaint against Mr. Kelis seeking reimbursement for any monies the Defendant

might have to pay Mrs. Kelis.

The Plaintiffs objected to the filing of a third party complaint and on February 28, 2005 the parties entered into a stipulation denying the motion for permission to file third party complaint, dismissing the extra contractual counts and requiring the Defendant to file a counterclaim as opposed to a third party complaint with the Plaintiffs reserving the right to object to the filing of the counterclaim based upon timeliness, prejudice, etc.

Federal Rule of Civil Procedure 15(a) provides that a party shall respond to an amended pleading within ten (10) days after service unless the Court orders otherwise.  The Defendant's amended answer and affirmative defenses which contains the counterclaim which is the subject of this motion to strike is dated March 24, 2005 and it states "the Defendant, Lexington Insurance Company hereby responds to the Plaintiff's amended complaint dated January 28, 2005 as follows."  If the Plaintiffs' amended complaint is deemed dated January 28, 2005, as referred to by the Defendant, then it is clear the time frame for the Defendant to have responded to the amended complaint has passed.

Moreover, if the date of the stipulation is deemed the operative date, that was February 28, 2005, and again, the time frame to respond to the amended pleading has passed.

Under Federal Rule of Civil Procedure 13, if the Defendant so desires it can request leave of Court to file a counterclaim which would then permit Plaintiffs an opportunity to object and for the Court to rule.  However, the Defendant cannot simply file a counterclaim, include it in a pleading entitled Amended Answer and Affirmative Defenses bearing a date of March 24, 2005 and purport to respond to an Amended Complaint dated January 28, 2005. The Defendant should be obligated to follow the rules of procedure and request leave from

this Court, and the counterclaim dated March 24, 2005 should be stricken for the reasons set

forth in this memorandum and accompanying motion.

THE PLAINTIFFS

BY_____

JON D. BILLER
Biller, Sachs, Raio & Zito
2750 Whitney Avenue
Hamden, CT  06518
203-281-1717
Federal Bar No. CT03546