UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KELIS CORPORATION d/b/a HAZARDVILLA
RESTAURANT, JAMES KELIS and
DEBORAH KELIS
      Plaintiffs                    :      CIVIL ACTION
                                                  NO.: 301CV1120 CFD
      v.                                          :

LEXINGTON INSURANCE COMPANY      :      APRIL 12, 2005
      Defendant

## MOTION FOR PROTECTIVE ORDER

     Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the defendant in the above-referenced matter seeks a protective order limiting the scope of permissible inquiry by the plaintiffs at the deposition of William F. Lamond, Claim Representative and Steve Silverman, Underwriter, both representatives of Lexington Insurance Company, currently noticed for Friday April 15, 2005. In addition the defendant seeks an order preventing the plaintiffs from requesting the defendants from producing the documents set forth in the respective deposition notices of Mr. Lamond and Mr. Silverman.

     The defendant seeks an order preventing the possible inquiry into, but not limited to, the investigation, handling and/or denial of the subject claim. The plaintiffs amended their complaint, in which they withdrew the counts sounding in bad faith, emotional distress and

violations of Connecticut Unfair Trade Practices Act/Connecticut Unfair Insurance Practices Act.  Therefore, the above areas of inquiry are irrelevant and immaterial to the issues of the present action.

The undersigned defendant seeks a protective order preventing the plaintiffs from requesting the production of documents attached to the subject re-Notice of Deposition for Steven Silverman.  See Re-Notice of Steven Silverman dated April 1, 2005, attached as **EXHIBIT A**, hereto.  The subject production requests attached to the Re-Notice requests the designated deponent to produce, inter alia:

1. Your complete and entire file maintained in your home, regional or other offices pertaining to the insurance policy or policies issued to the Hazardvilla Restaurant and/or James and Deborah Kelis and/or Kelis Corporaition and insuring premises known as the Hazardvilla Restaurant other than attorney-client correspondence.

2. Your complete and entire underwriting file, pertaining to an insurance policy or policies issued to James and Deborah Kelis and/or Kelis Corporation insuring the premises known as Hazardvilla Restaurant.

3. Any and all correspondence between Lexington Insurance Company and any third parties, other than correspondence between Lexington and its attorney,

concerning James and Deborah Kelis and/or Kelis Corporation and/or a fire which occurred at the Hazardvilla Restaurant on or about October 17, 2000.

4. Any and all insurance applications including all other documents submitted in connection with said applications concerning James and Deborah Kelis and/or Kelis Corporation.

5. The original policy and all endorsements thereon pertaining to James and Deborah Kelis and/or Kelis Corporation.

The defendant also seeks a protection order for the production of the above referenced requests as the defendant has already produced its entire underwriting file to the plaintiffs on March 1, 2005, excluding certain privileged material contained therein. In addition any information created or contained in the underwriting file, after the plaintiffs' claim was denied was developed in anticipation of litigation and in conjunction with counsel and is, therefore, protected by the attorney/client and/or work/product privileges.

The undersigned defendant also seeks a protective order preventing the plaintiffs from requesting the production of documents attached to the subject re-Notice of Deposition for William F. Lamond dated April 1, 2005. See Re-Notice of William F. Lamond dated April 1, 2005, attached as **EXHIBIT B**, hereto. The subject production requests attached to the Re-Notice requests the designated deponent to produce, inter alia:

1.    Your complete and entire file maintained in your home, regional or other offices pertaining to the insurance policy or policies issued to the Hazardvilla Restaurant and/or James and Deborah Kelis and/or Kelis Corporation and insuring premises known as the Hazardvilla Restaurant other than correspondence between you and your attorney.

2.    Any and all investigatory reports, photographs, videotapes, or any other tangible evidence in connection with a fire which occurred at the Hazardvilla Restaurant on or about October 17, 2000.

3.    Any an all correspondence from Lexington Insurance Company to James and Deborah Kelis and/or Kelis Corporation.

4.    Any and all correspondence from Lexington Insurance Company and any third parties, other than correspondence between Lexington and its attorney, concerning James and Deborah Kelis and/or Kelis Corporation and/or a fire which occurred at the hazardvilla Restaurant on or about October 17, 2000.

5.    Any and all documentation, correspondence or any other file information concerning a fire which occurred at the Hazardvilla Restaurant other than attorney correspondence.

6.  Any and all loss estimates pertaining to the fire which occurred at the Hazardvilla Restaurant on or about October 17, 2000 or any inventories or damage calculations made by you or any of you representatives.

7.  Your complete and entire claims manual in effect on the date of the loss which is the subject of this action.

The defendant seeks a protection order for the production of the above referenced requests as the plaintiffs on December 29, 2004 amended their complaint, in which they withdrew the counts sounding in bad faith, emotional distress and violations of Connecticut Unfair Trade Practices Act/Connecticut Unfair Insurance Practices Act.  Therefore, the above identified requests for production are irrelevant and immaterial to the issues of the present action.  In addition, the defendant has already produced its entire claims file to the plaintiffs on January 11, 2002, excluding certain privileged material contained therein.  Any information created or contained in the claims file, after the denial of the plaintiffs' claim was denied was developed in anticipation of litigation and in conjunction with counsel and is, therefore, protected by the attorney/client and/or work/product privileges.

WHEREFORE, the defendant respectfully seeks an order limiting the plaintiffs' scope of permissible questioning during the deposition of Mr. Lamond and Mr. Silverman.  The defendant also seeks an order limiting the plaintiffs' production requests as the above-

identified requests are irrelevant and immaterial to the present action, have already been produced and/or are protected by the attorney/client and/or work/product privileges.

        DEFENDANT, LEXINGTON INSURANCE COMPANY.

BY _____/S/_____
        Steven B. Ryan
        Skelley Rottner P.C.
        P.O. Box 340890
        Hartford, CT  06134-0890
        (860) 561-7077
        Fed. Bar No. ct22570

## CERTIFICATION

      I hereby certify that a copy of the above was mailed via U.S. Mail, postage prepaid, on April 12, 2005, to the following counsel of record:

Jon D. Biller, Esq.
Biller, Sachs, Raio & Bonadies
2750 Whitney Avenue
Hamden, Ct  06518

                                      _____/S/_____
                                            Steven B. Ryan

SR230909