

FILED

2005 APR 12 P 3: 49

US DISTRICT COURT
HARTFORD CT

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

KELIS CORPORATION d/b/a HAZARDVILLA
RESTAURANT, JAMES KELIS and
DEBORAH KELIS
      Plaintiffs                      :       **CIVIL ACTION**
                                            **NO.: 301CV1120 CFD**
      v.                              :

**LEXINGTON INSURANCE COMPANY**        :       **APRIL 12, 2005**
      Defendant

<u>**MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANT'S MOTION FOR
PROTECTIVE ORDER**</u>

     Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the defendant in the

above-referenced matter seeks a protective order limiting the scope of permissible inquiry by the

plaintiffs at the deposition of William F. Lamond, Claim Representative and Steven Silverman,

Underwriter from Lexington Insurance Company, currently noticed for Friday April 15, 2005.

The defendant also seeks a protective order for the requests for production (identified below) that

were attached to the respective deposition notices of Mr. Lamond and Mr. Silverman. The

defendant's arguments are more fully set forth below.

**I.**      <u>**Facts**</u>

     On or about October 17, 2000, a fire occurred at the Hazardvilla Restaurant located on

276 North Maple Street, Enfield, Connecticut. As a result of the subsequent fire loss, the

plaintiffs, James Kelis, Deborah Kelis and Kelis Corporation filed a claim with the undersigned defendant. After the subject fire occurred , an investigation was performed by the State and local officials, as well as Lexington Insurance Company. On June 25, 2001, the plaintiffs' claim was denied. Subsequent to the denial, the plaintiff, James Kelis, plead guilty to arson pursuant to the Alford Doctrine, in connection with the subject fire. Pursuant to that plea, Mr. Kelis admitted that the State had enough evidence to prove beyond a reasonable doubt that he had committed arson in connection with the subject fire.

The plaintiffs commenced suit against the undersigned defendant on June 18, 2001. The plaintiffs' complaint alleged breach of contract, bad faith, violations of Connecticut Unfair Insurance Practices Act/Connecticut Unfair Trade Practices Act, emotional distress, negligence and reformation of the subject policy. The defendant specifically denied all material allegations and asserted six affirmative defenses.

On January 11, 2002, the undersigned law firm produced to the plaintiffs, the entire claims file up to the date of denial, except for those materials for which the defendant asserted the attorney-client privilege. The claims file includes the defendant's entire investigation of the subject fire.

On December 29, 2004, the plaintiffs amended their complaint and removed the counts sounding in bad faith, violations of Connecticut Unfair Insurance Practices Act/Connecticut

- 2 -

Unfair Trade Practices Act and emotional distress.  The amended complaint also removed the plaintiff, James Kelis as a party from the present action.

On March 1, 2005, the defendant produced to the plaintiffs, the entire underwriting file, except for those materials for which the defendant asserted attorney-client and/or work product privileges.

As a result of the amended complaint, the only issue remaining in the present action is whether James or Deborah Kelis had any involvement in connection with the subject fire. Any requested discovery involving the circumstances in connection with the denial of this claim are irrelevant and immaterial to the present action.

## II.    LAW & ARGUMENT

### A.    The Plaintiffs' Requests for Production # 1 Attached to the Deposition Notice Of William F. Lamond Dated April 1, 2005 is Irrelevant and Immaterial to the Present Action.

The plaintiffs' Re-Notice of Deposition of Mr. William F. Lamond dated April 1, 2005, requests the designated deponent to produce, inter alia, the following:

1.    Your complete and entire file maintained in your home, regional or other

offices pertaining to the insurance policy issued to the Hazardvilla Restaurant

and/or James and Deborah Kelis and/or Kelis Corporation and insuring premises

- 3 -

known as the Hazardvilla Restaurant, other than correspondence between you and
your attorney.

See Plaintiffs' Re-Notice of Deposition of William F. Lamond dated April 1, 2005,
attached as **EXHIBIT A**, hereto.

The above referenced request for production is irrelevant and immaterial to the present
action. Since the plaintiffs' amended their complaint, which removed the extra-contractual
claims against the defendant, the requested documents have no bearing on the triable issues in
this action. Rule 26(b)(1) of the Federal Rules of Civil Procedure states in part, "parties may
obtain discovery regarding any matter not privileged that is relevant to the *claim* or defense of
any party" (emphasis added). "In discovery, relevance is even broader: information that is
reasonably calculated to lead to the discovery of admissible evidence is considered relevant for
the purposes of discovery." See Daval Steel Prods. V. M/V Fakredine, 951 F. 2d. 1357, 1367
(2d Cir. 1991); Morsel Diesel, Inc. v. Fid. & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).
In addition, "whether a specific discovery request seeks information relevant to a claim or
defense will turn on the specific circumstances of the pending action" See 6 James Wm. Moore,
et al., *Moore's Federal Practice* § 26.41[6][c] (3d ed.2002)(citing FRCP 26(b)(1) advisory
committee's note (2000)). The specific circumstances of the pending action no longer involve
issues surrounding the defendant's denial of the plaintiffs' claim because the plaintiffs amended

- 4 -

their complaint.  The request is not relevant to the claim of breach of contract, negligence or reformation.  The request identified above is not reasonably calculated to lead to the discovery of admissible evidence.

In addition, the undersigned defendant has already produced its entire claim file to the plaintiffs on January 11, 2002, excluding certain privileged material contained therein.  The claims file includes the defendant's entire investigation of the subject fire.  In addition, any information created or contained in the claims file, after the plaintiffs' claim was denied was developed in anticipation of litigation and in conjunction with counsel and is, therefore, protected by the attorney/client and/or work/product privileges.

Therefore, the undersigned defendant respectfully requests the Court to grant its Motion for a Protective Order as the above identified request for production is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

**B.**     **The Plaintiffs' Requests for Production # 2 Attached to the Deposition Notice of William F. Lamond Dated April 1, 2005 is Irrelevant and Immaterial to the Present Action.**

The plaintiffs' Re-Notice of Deposition of Mr. William F. Lamond dated April 1, 2005, requests the designated deponent to produce, inter alia, the following:

- 5 -

Law Offices of SKELLEY ROTTNER P.C. □ P.O. Box 340890, Hartford, CT 06134-0890 □ Phone: (860) 561-7077 Fax: (860) 561-7088

Juris No. 58693

2.    Any and all investigatory reports, photographs, videotapes, or any

other tangible evidence in connection with a fire which occurred at the

Hazardvilla Restaurant on or about October 17, 2000.

See Plaintiffs' Re-Notice of Deposition of William F. Lamond dated April 1, 2005,

attached as **EXHIBIT A**, hereto.

The above referenced request for production is irrelevant and immaterial to the present

action. Since the plaintiffs' amended their complaint, which removed the extra-contractual

claims against the defendant, the requested documents have no bearing on the triable issues in

this action. Rule 26(b)(1) of the Federal Rules of Civil Procedure states in part, "parties may

obtain discovery regarding any matter not privileged that is relevant to the *claim* or defense of

any party" (emphasis added). "In discovery, relevance is even broader: information that is

reasonably calculated to lead to the discovery of admissible evidence is considered relevant for

the purposes of discovery." See Daval Steel Prods. V. M/V Fakredine, 951 F. 2d. 1357, 1367

(2d Cir. 1991); Morsel Diesel, Inc. v. Fid. & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

In addition, "whether a specific discovery request seeks information relevant to a claim or

defense will turn on the specific circumstances of the pending action" See 6 James Wm. Moore,

et al., *Moore's Federal Practice* § 26.41[6][c] (3d ed.2002)(citing FRCP 26(b)(1) advisory

committee's note (2000)). The specific circumstances of the pending action no longer involve

- 6 -

issues surrounding the defendant's denial of the plaintiffs' claim because the plaintiffs amended

their complaint. The request is not relevant to the claim of breach of contract, negligence or

reformation. The request identified above is not reasonably calculated to lead to the discovery of

admissible evidence.

In addition, the undersigned defendant has already produced its entire claim file to the

plaintiffs on January 11, 2002, excluding certain privileged material contained therein. The

claims file includes the defendant's entire investigation of the subject fire. In addition, any

information created or contained in the claims file, after the plaintiffs' claim was denied was

developed in anticipation of litigation and in conjunction with counsel and is, therefore,

protected by the attorney/client and/or work/product privileges.

Furthermore, the plaintiffs are only entitled to those investigative reports created by

experts disclosed by the defendant. On November 17, 2004, the defendant disclosed its experts

and produced their respective investigative reports. See Rule 26(b) of the Federal Rules of Civil

Procedure.

Therefore, the undersigned defendant respectfully requests the Court to grant its Motion

for a Protective Order as the above identified request for production is irrelevant, immaterial and

not reasonably calculated to lead to the discovery of admissible evidence.

- 7 -

**C.**    **The Plaintiffs' Requests for Production # 3 Attached to the Deposition Notice of William F. Lamond Dated April 1, 2005 is Irrelevant and Immaterial to the Present Action.**

The plaintiffs' Re-Notice of Deposition of the Lexington Insurance Company dated April 1, 2005, requests the designated deponent to produce, inter alia, the following:

      3.     Any an all correspondence from Lexington Insurance Company to James and Deborah Kelis and/or Kelis Corporation.

See Plaintiffs' Re-Notice of Deposition of William F. Lamond dated April 1, 2005, attached as **EXHIBIT A**, hereto.

The above referenced request for production is irrelevant and immaterial to the present action. Since the plaintiffs' amended their complaint, which removed the extra-contractual claims against the defendant, the requested documents have no bearing on the triable issues in this action. Rule 26(b)(1) of the Federal Rules of Civil Procedure states in part, "parties may obtain discovery regarding any matter not privileged that is relevant to the *claim* or defense of any party" (emphasis added). "In discovery, relevance is even broader: information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery." See Daval Steel Prods. V. M/V Fakredine, 951 F. 2d. 1357, 1367 (2d Cir. 1991); Morsel Diesel, Inc. v. Fid. & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988). In addition, "whether a specific discovery request seeks information relevant to a claim or

Law Offices of SKELLEY ROTTNER P.C. ☐ P.O. Box 340890, Hartford, CT 06134-0890 ☐ Phone: (860) 561-7077 Fax: (860) 561-7088
Juris No. 58693

defense will turn on the specific circumstances of the pending action" See 6 James Wm. Moore, et al., *Moore's Federal Practice* § 26.41[6][c] (3d ed.2002)(citing FRCP 26(b)(1) advisory committee's note (2000)).  The specific circumstances of the pending action no longer involve issues surrounding the defendant's denial of the plaintiffs' claim because the plaintiffs amended their complaint.  The request is not relevant to the claim of breach of contract, negligence or reformation.  The request identified above is not reasonably calculated to lead to the discovery of admissible evidence.

In addition, the undersigned defendant has already produced its entire claim file to the plaintiffs on January 11, 2002, excluding certain privileged material contained therein.  The claims file includes the defendant's entire investigation of the subject fire.  In addition, any information created or contained in the claims file, after the plaintiffs' claim was denied was developed in anticipation of litigation and in conjunction with counsel and is, therefore, protected by the attorney/client and/or work/product privileges.

Therefore, the undersigned defendant respectfully requests the Court to grant its Motion for a Protective Order as the above identified request for production is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

**D.    The Plaintiffs' Requests for Production # 4 Attached to the Deposition Notice Dated December 28, 2004 is Irrelevant and Immaterial to the Present Action.**

- 9 -

The plaintiffs' Re-Notice of Deposition of the Lexington Insurance Company dated December 28, 2004, requests the designated deponent to produce, inter alia, the following:

> 4.      Any and all correspondence from Lexington Insurance Company and any third parties, other than correspondence between Lexington and its attorney, concerning a fire which occurred at the Hazardvilla Restaurant on or about October 17, 2000.

See Plaintiffs' Re-Notice of Deposition of William F. Lamond dated April 1, 2005, attached as **EXHIBIT A**, hereto.

The above referenced request for production is irrelevant and immaterial to the present action. Since the plaintiffs' amended their complaint, which removed the extra-contractual claims against the defendant, the requested documents have no bearing on the triable issues in this action. Rule 26(b)(1) of the Federal Rules of Civil Procedure states in part, "parties may obtain discovery regarding any matter not privileged that is relevant to the *claim* or defense of any party" (emphasis added). "In discovery, relevance is even broader: information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery." See Daval Steel Prods. V. M/V Fakredine, 951 F. 2d. 1357, 1367 (2d Cir. 1991); Morsel Diesel, Inc. v. Fid. & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988). In addition, "whether a specific discovery request seeks information relevant to a claim or

- 10 -

defense will turn on the specific circumstances of the pending action" See 6 James Wm. Moore, et al., *Moore's Federal Practice* § 26.41[6][c] (3d ed.2002)(citing FRCP 26(b)(1) advisory committee's note (2000)). The specific circumstances of the pending action no longer involve issues surrounding the defendant's denial of the plaintiffs' claim because the plaintiffs amended their complaint. The request is not relevant to the claim of breach of contract, negligence or reformation. The request identified above is not reasonably calculated to lead to the discovery of admissible evidence.

In addition, the undersigned defendant has already produced its entire claim file to the plaintiffs on January 11, 2002, excluding certain privileged material contained therein. The claims file includes the defendant's entire investigation of the subject fire. In addition, any information created or contained in the claims file, after the plaintiffs' claim was denied was developed in anticipation of litigation and in conjunction with counsel and is, therefore, protected by the attorney/client and/or work/product privileges.

Therefore, the undersigned defendant respectfully requests the Court to grant its Motion for a Protective Order as the above identified request for production is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

**E.    The Plaintiffs' Requests for Production # 5 Attached to the Deposition Notice Dated December 28, 2004 is Irrelevant and Immaterial to the Present Action.**

- 11 -

Law Offices of **SKELLEY ROTTNER P.C.** ☐ P.O. Box 340890, Hartford, CT 06134-0890 ☐ Phone: (860) 561-7077 Fax: (860) 561-7088

Juris No. 58693

The plaintiffs' Re-Notice of Deposition of William F. Lamond dated April 1, 2005, requests the designated deponent to produce, inter alia, the following:

> 5.     Any and all documentation, correspondence or any other file information concerning a fire which occurred at the Hazardvilla Restaurant other than attorney correspondence.

See Plaintiffs' Re-Notice of Deposition of William F. Lamond dated April 1, 2005, attached as **EXHIBIT A**, hereto.

The above referenced request for production is irrelevant and immaterial to the present action.  Since the plaintiffs' amended their complaint, which removed the extra-contractual claims against the defendant, the requested documents have no bearing on the triable issues in this action.  Rule 26(b)(1) of the Federal Rules of Civil Procedure states in part, "parties may obtain discovery regarding any matter not privileged that is relevant to the *claim* or defense of any party" (emphasis added). "In discovery, relevance is even broader: information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery." See Daval Steel Prods. V. M/V Fakredine, 951 F. 2d. 1357, 1367 (2d Cir. 1991); Morsel Diesel, Inc. v. Fid. & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988). In addition, "whether a specific discovery request seeks information relevant to a claim or defense will turn on the specific circumstances of the pending action" See 6 James Wm. Moore,

- 12 -

et al., *Moore's Federal Practice* § 26.41[6][c] (3d ed.2002)(citing FRCP 26(b)(1) advisory committee's note (2000)). The specific circumstances of the pending action no longer involve issues surrounding the defendant's denial of the plaintiffs' claim because the plaintiffs amended their complaint. The request is not relevant to the claim of breach of contract, negligence or reformation. The request identified above is not reasonably calculated to lead to the discovery of admissible evidence.

In addition, the undersigned defendant has already produced its entire claim file to the plaintiffs on January 11, 2002, excluding certain privileged material contained therein. The claims file includes the defendant's entire investigation of the subject fire. In addition, any information created or contained in the claims file, after the plaintiffs' claim was denied was developed in anticipation of litigation and in conjunction with counsel and is, therefore, protected by the attorney/client and/or work/product privileges.

Therefore, the undersigned defendant respectfully requests the Court to grant its Motion for a Protective Order as the above identified request for production is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

**F.** **The Plaintiffs' Requests for Production # 6 Attached to the Deposition Notice for William F. Lamond Dated April 1, 2005 is Irrelevant and Immaterial to the Present Action.**

- 13 -

The plaintiffs' Re-Notice of Deposition of William F. Lamond dated April 1, 2005, requests the designated deponent to produce, inter alia, the following:

> 6.    Any and all loss estimates pertaining to the fire, which occurred at the Hazardvilla Restaurant on or about October 17, 2000, or any inventories or damage calculations made by you or any of you representatives.

See Plaintiffs' Re-Notice of Deposition of William F. Lamond dated April 1, 2005, attached as **EXHIBIT A**, hereto.

The above referenced request for production is irrelevant and immaterial to the present action. Since the plaintiffs' amended their complaint, which removed the extra-contractual claims against the defendant, the requested documents have no bearing on the triable issues in this action. Rule 26(b)(1) of the Federal Rules of Civil Procedure states in part, "parties may obtain discovery regarding any matter not privileged that is relevant to the *claim* or defense of any party" (emphasis added). "In discovery, relevance is even broader: information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery." See Daval Steel Prods. V. M/V Fakredine, 951 F. 2d. 1357, 1367 (2d Cir. 1991); Morsel Diesel, Inc. v. Fid. & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988). In addition, "whether a specific discovery request seeks information relevant to a claim or defense will turn on the specific circumstances of the pending action" See 6 James Wm. Moore,

- 14 -

et al., *Moore's Federal Practice* § 26.41[6][c] (3d ed.2002)(citing FRCP 26(b)(1) advisory committee's note (2000)). The specific circumstances of the pending action no longer involve issues surrounding the defendant's denial of the plaintiffs' claim because the plaintiffs amended their complaint. The request is not relevant to the claim of breach of contract, negligence or reformation. The request identified above is not reasonably calculated to lead to the discovery of admissible evidence.

In addition, the undersigned defendant has already produced its entire claim file to the plaintiffs on January 11, 2002, excluding certain privileged material contained therein. The claims file includes the defendant's entire investigation of the subject fire. In addition, any information created or contained in the claims file, after the plaintiffs' claim was denied was developed in anticipation of litigation and in conjunction with counsel and is, therefore, protected by the attorney/client and/or work/product privileges.

Furthermore, the plaintiffs are only entitled to those reports or estimates that were created by experts disclosed by the defendant on November 17, 2004. Any expert reports were produced simultaneously.

Therefore, the undersigned defendant respectfully requests the Court to grant its Motion for a Protective Order as the above identified request for production is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

- 15 -

**G.**     **The Plaintiffs' Requests for Production # 7 Attached to the Deposition Notice of William F. Lamond Dated April 1, 2005 is Irrelevant and Immaterial to the Present Action.**

The plaintiffs' Re-Notice of Deposition of William F. Lamond dated April 12, 2005, requests the designated deponent to produce, inter alia, the following:

       7.     Your complete and entire claims manual in effect on the date of the loss, which is the subject of this action.

See Plaintiffs' Re-Notice of Deposition of William F. Lamond dated April 1, 2005 , attached as **EXHIBIT A**, hereto.

The above referenced request for production is irrelevant and immaterial to the present action. Since the plaintiffs' amended their complaint, which removed the extra-contractual claims against the defendant, the requested documents have no bearing on the triable issues in this action. "In discovery, relevance is even broader: information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery." See Daval Steel Prods. V. M/V Fakredine, 951 F. 2d. 1357, 1367 (2d Cir. 1991); Morsel Diesel, Inc. v. Fid. & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988). In addition, "whether a specific discovery request seeks information relevant to a claim or defense will turn

- 16 -

on the specific circumstances of the pending action" See 6 James Wm. Moore, et al., *Moore's Federal Practice* § 26.41[6][c] (3d ed.2002)(citing FRCP 26(b)(1) advisory committee's note (2000)).  The specific circumstances of the pending action no longer involve issues surrounding the defendants' denial of the plaintiffs' claim.  The request identified above is not reasonably calculated to lead to the discovery of admissible evidence.

In addition, the undersigned defendant has already produced its entire claim file to the plaintiffs on January 11, 2002, excluding any privileged material contained therein.  The claims file includes the defendant's entire investigation of the subject fire.  In addition, any information created or contained in the claims file, after the plaintiffs' claim was denied was developed in anticipation of litigation and in conjunction with counsel and is, therefore, protected by the attorney/client and/or work/product privileges.

Therefore, the undersigned defendant respectfully requests the Court to grant its Motion for a Protective Order as the above identified request for production is irrelevant, immaterial and not reasonably likely to lead to the discovery of admissible evidence.

**H.    The Plaintiffs' Requests for Production # 1 Attached to the Deposition Notice Of Steven Silverman Dated April 1, 2005 is Irrelevant and Immaterial to the Present Action.**

The plaintiffs' Re-Notice of Deposition of Steven Silverman dated April 1, 2005, requests the designated deponent to produce, inter alia, the following:

- 17 -

1.  Your complete and entire file maintained in your home, regional or other
offices pertaining to the insurance policy or policies issued to the Hazardvilla
Restaurant and/or James and Deborah Kelis and/or Kelis Corporation and
insuring premises known as the Hazardvilla Restaurant other than attorney-client
correspondence.

See Plaintiffs' Re-Notice of Deposition of Steven Silverman dated April 1, 2005 ,
attached as **EXHIBIT B**, hereto.

The above referenced request for production is irrelevant and immaterial to the present
action.  Since the plaintiffs' amended their complaint, which removed the extra-contractual
claims against the defendant, the requested documents have no bearing on the triable issues in
this action.  "In discovery, relevance is even broader: information that is reasonably calculated to
lead to the discovery of admissible evidence is considered relevant for the purposes of
discovery." See Daval Steel Prods. V. M/V Fakredine, 951 F. 2d. 1357, 1367 (2d Cir. 1991);
Morsel Diesel, Inc. v. Fid. & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988). In addition,
"whether a specific discovery request seeks information relevant to a claim or defense will turn
on the specific circumstances of the pending action" See 6 James Wm. Moore, et al., *Moore's
Federal Practice* § 26.41[6][c] (3d ed.2002)(citing FRCP 26(b)(1) advisory committee's note
(2000)).  The specific circumstances of the pending action no longer involve issues surrounding

- 18 -

the defendants' denial of the plaintiffs' claim. The request identified above is not reasonably calculated to lead to the discovery of admissible evidence.

In addition, the undersigned defendant has already produced its entire claim and underwriting files to the plaintiffs on January 11, 2002 and March 1, 2005 respectively, excluding any privileged material contained therein. In addition, any information created or contained in the underwriting file, after the plaintiffs' claim was denied was developed in anticipation of litigation and in conjunction with counsel and is, therefore, protected by the attorney/client and/or work/product privileges.

Therefore, the undersigned defendant respectfully requests the Court to grant its Motion for a Protective Order as the above identified request for production is irrelevant, immaterial and not reasonably likely to lead to the discovery of admissible evidence.

I.    **The Plaintiffs' Requests for Production # 2 Attached to the Deposition Notice Of Steven Silverman Dated April 1, 2005 is Irrelevant and Immaterial to the Present Action.**

The plaintiffs' Re-Notice of Deposition of Steven Silverman dated April 1, 2005, requests the designated deponent to produce, inter alia, the following:

- 19 -

2.  Your complete and entire underwriting file, pertaining to an insurance policy

or policies issued to James and Deborah Kelis and/or Kelis Corporation, insuring

premises know as Hazardvilla Restaurant.

See Plaintiffs' Re-Notice of Deposition of Steven Silverman dated April 1, 2005 attached

as **EXHIBIT B,** hereto.

The above referenced request for production is irrelevant and immaterial to the present

action.  Since the plaintiffs' amended their complaint, which removed the extra-contractual

claims against the defendant, the requested documents have no bearing on the triable issues in

this action.  "In discovery, relevance is even broader: information that is reasonably calculated to

lead to the discovery of admissible evidence is considered relevant for the purposes of

discovery."  See Daval Steel Prods. V. M/V Fakredine, 951 F. 2d. 1357, 1367 (2d Cir. 1991);

Morsel Diesel, Inc. v. Fid. & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).  In addition,

"whether a specific discovery request seeks information relevant to a claim or defense will turn

on the specific circumstances of the pending action"  See 6 James Wm. Moore, et al., *Moore's*

*Federal Practice* § 26.41[6][c] (3d ed.2002)(citing FRCP 26(b)(1) advisory committee's note

(2000)).  The specific circumstances of the pending action no longer involve issues surrounding

the defendants' denial of the plaintiffs' claim.  The request identified above is not reasonably

calculated to lead to the discovery of admissible evidence.

- 20 -

In addition, the undersigned defendant has already produced its entire underwriting file to the plaintiffs on March 1, 2005, excluding any privileged material contained therein. In addition, any information created or contained in the underwriting file, after the plaintiffs' claim was denied was developed in anticipation of litigation and in conjunction with counsel and is, therefore, protected by the attorney/client and/or work/product privileges.

Therefore, the undersigned defendant respectfully requests the Court to grant its Motion for a Protective Order as the above identified request for production is irrelevant, immaterial and not reasonably likely to lead to the discovery of admissible evidence.

**J.    The Plaintiffs' Requests for Production # 3 Attached to the Deposition Notice Of Steven Silverman Dated April 1, 2005 is Irrelevant and Immaterial to the Present Action.**

The plaintiffs' Re-Notice of Deposition of Steven Silverman dated April 1, 2005, requests the designated deponent to produce, inter alia, the following:

1.    Any and all correspondence from Lexington Insurance Company and any third parties, other than correspondence between Lexington and its attorney, concerning James and Deborah Kelis and/or Kelis Corporation and/or a fire which occurred at the Hazardvilla Restaurant on or about October 17, 2000.

See Plaintiffs' Re-Notice of Deposition of Steven Silverman dated April 1, 2005 , attached as **EXHIBIT B**, hereto.

- 21 -

The above referenced request for production is irrelevant and immaterial to the present action. Since the plaintiffs' amended their complaint, which removed the extra-contractual claims against the defendant, the requested documents have no bearing on the triable issues in this action. "In discovery, relevance is even broader: information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery." See Daval Steel Prods. V. M/V Fakredine, 951 F. 2d. 1357, 1367 (2d Cir. 1991); Morsel Diesel, Inc. v. Fid. & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988). In addition, "whether a specific discovery request seeks information relevant to a claim or defense will turn on the specific circumstances of the pending action" See 6 James Wm. Moore, et al., *Moore's Federal Practice* § 26.41[6][c] (3d ed.2002)(citing FRCP 26(b)(1) advisory committee's note (2000)). The specific circumstances of the pending action no longer involve issues surrounding the defendants' denial of the plaintiffs' claim. The request identified above is not reasonably calculated to lead to the discovery of admissible evidence.

In addition, the undersigned defendant has already produced its entire claim and underwriting file to the plaintiffs on January 11, 2002 and March 1, 2005 respectively, excluding any privileged material contained therein. In addition, any information created or contained in the underwriting file, after the plaintiffs' claim was denied was developed in anticipation of

- 22 -

litigation and in conjunction with counsel and is, therefore, protected by the attorney/client and/or work/product privileges.

Therefore, the undersigned defendant respectfully requests the Court to grant its Motion for a Protective Order as the above identified request for production is irrelevant, immaterial and not reasonably likely to lead to the discovery of admissible evidence.

**K.**   **The Plaintiffs' Requests for Production # 4 Attached to the Deposition Notice Of Steven Silverman Dated April 1, 2005 has already been Produced to the Plaintiffs.**

The plaintiffs' Re-Notice of Deposition of Steven Silverman dated April 1, 2005, requests the designated deponent to produce, inter alia, the following:

> 4.   Any and all insurance applications including all other documents submitted in connection with said applications concerning James and Deborah Kelis and/or Kelis Corporation.

See Plaintiffs' Re-Notice of Deposition of Steven Silverman dated April 1, 2005 , attached as **EXHIBIT B**, hereto.

The undersigned defendant has already produced its entire underwriting file to the plaintiffs on March 1, 2005 (excluding any privileged material contained therein) which includes any documents listed in the above referenced request. In addition, any information created or contained in the underwriting file, after the plaintiffs' claim was denied was developed in

- 23 -

anticipation of litigation and in conjunction with counsel and is, therefore, protected by the attorney/client and/or work/product privileges.

Therefore, the undersigned defendant respectfully requests the Court to grant its Motion for a Protective Order as the above identified request for production has already been produced and/or is protected by attorney-client and/or work product privilege.

L.    **The Plaintiffs' Requests for Production # 5 Attached to the Deposition Notice Of Steven Silverman Dated April 1, 2005 is not in the possession of the Defendant.**

The plaintiffs' Re-Notice of Deposition of Steven Silverman dated April 1, 2005, requests the designated deponent to produce, inter alia, the following:

     5.   The original policy and all endorsements thereon pertaining to James and

     Deborah Kelis and/or Kelis Corporation.

See Plaintiffs' Re-Notice of Deposition of Steven Silverman dated April 1, 2005 , attached as **EXHIBIT B**, hereto.

The undersigned defendant has already produced its entire underwriting file to the plaintiffs on March 1, 2005 (excluding any privileged material contained therein), which contains copies of the plaintiffs' various policies of insurance. The defendant is not is possession of the original insurance policy as it was most likely sent to the plaintiffs or their agents at the time of inception. In addition, any information created or contained in the underwriting file,

- 24 -

after the plaintiffs' claim was denied was developed in anticipation of litigation and in conjunction with counsel and is, therefore, protected by the attorney/client and/or work/product privileges.

Therefore, the undersigned defendant respectfully requests the Court to grant its Motion for a Protective Order as the above identified request for production of copies of the plaintiffs' policy of insurance was produces, but the defendant does not possess the original insurance policy.

WHEREFORE, the defendant respectfully seeks an order limiting the plaintiffs' scope of permissible questioning during the deposition of Mr. Lamond and Mr. Silverman as the above-identified issues are irrelevant and immaterial to the present action. The defendant also seeks an order limiting and/or preventing the plaintiff's production requests as the above-identified requests are irrelevant and immaterial to the present action, and have already been produced and/or are protected by attorney-client and/or work product rules.

- 25 -

DEFENDANT, LEXINGTON INSURANCE
COMPANY

BY _____
        Steven B. Ryan
        Skelley Rottner P.C.
        P.O. Box 340890
        Hartford, CT  06134-0890
        (860) 561-7077
        Fed. Bar No. ct22570

## CERTIFICATION

   I hereby certify that a copy of the above was mailed via U.S. Mail, postage prepaid, on January 20, 2005, to the following counsel of record:


Jon D. Biller, Esq.
Biller, Sachs, Raio & Bonadies
2750 Whitney Avenue
Hamden, Ct  06518

                              _____
                                    Steven B. Ryan

SR227987

- 26 -

## **ORDER**

The foregoing having been presented to this court, it is hereby ORDERED:

1.  SUSTAINED / OVERRULED.

2.  SUSTAINED / OVERRULED.

3.  SUSTAINED / OVERRULED.

5.  SUSTAINED / OVERRULED.

6.  SUSTAINED / OVERRULED.

7.   SUSTAINED / OVERRULED.

8.  SUSTAINED / OVERRULED.

9.  SUSTAINED / OVERRULED.

10. SUSTAINED / OVERRULED.

11. SUSTAINED / OVERRULED.

12. SUSTAINED / OVERRULED.

BY THE COURT

_____

Judge/Clerk

- 28 -