UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KELIS CORPORATION d/b/a HAZARDVILLE RESTAURANT, JAMES KELIS and DEBORAH KELIS | | |
| Plaintiffs | : | CIVIL ACTION NO.: 301CV1120 CFD |
| v. | : | |
| LEXINGTON INSURANCE COMPANY Defendant | : | MAY 27, 2005 |

## LOCAL RULE 56 (a) 1 STATEMENT

1.      The undersigned defendant, Lexington Insurance Company, issued a dwelling fire insurance policy to Kelis Corporation dba Hazardvilla Restaurant (the named insured) for the premises located at 276 North Maple Street, Enfield, Connecticut.  See Policy of insurance bearing number 853-5487 (policy period of February 22, 2000 to February 22, 2001) attached as **EXHIBIT A,** hereto.

2.      The plaintiffs, James and Deborah Kelis, were joint title owners of 276-278 North Maple Street, on which the Hazardvilla Restaurant was operated.  See Page 8 & 9 of the Deposition Transcript of James Kelis attached as **EXHIBIT P**, hereto.

3.      The plaintiffs' insurance agent, Michael Battaglino, submitted an application of insurance to an agent for Lexington Insurance Company on behalf of the Hazardvilla Restaurant and Kelis Corporation.  See  Initial application for insurance with a facsimile date of February 19, 1999 attached as **EXHIBIT B,** hereto.

4.     The initial commercial insurance application did not list Debra and James Kelis as applicants.  See **EXHIBIT B**.

5.     The initial application did not identify or include a mortgagee of any kind. See **EXHIBIT B**.

6.     The initial application for insurance did not request coverage for Loss of Income or Business Interruption.  See **EXHIBIT B**.

7.     The declaration page for the plaintiffs' initial policy of insurance with Lexington Insurance Company for the period of February 22, 1999 to February 22, 2000, listed Kelis Corp., dba Hazardvilla Restaurant as the named insured. See Plaintiff's Initial Policy of Insurance with Lexington Insurance attached as **EXHIBIT C**, hereto.

8.     In the declaration page for the initial policy of insurance, the plaintiffs, James & Debra Kelis were not listed as the named insureds. See **EXHIBIT C**.

9.     In the declaration page for the initial policy of insurance, had "None" listed for "Item 7 Mortgagee."  See **EXHIBIT C**.

10.    In the declaration page for the initial policy of insurance, did not provide Loss of Income Coverage.  See **EXHIBIT C**.

11.    In February of 2000, a request for renewal quote for the Kelis Corporation d/b/a Hazardvilla Restaurant, did not list James or Debra Kelis as a named insured and a mortgagee was not noted or listed on the quote.  See Request for renewal quote of policy and correspondence attached as **EXHIBIT D**, hereto.

12.    The policy that is the subject of the present action was issued by Lexington Insurance Company, bearing policy number 853-5487 and was effective for the policy period of February 22, 2000 to February 22, 2001.  See **EXHIBIT A**.

13.     The subject policy of insurance, listed "none" as to a mortgagee under item 7 of the declaration page.  See **EXHIBIT A**.

14.     The subject policy of insurance does not list or identify the plaintiffs, James or Debra Kelis as a named insured on the declaration page of the policy.  See **EXHIBIT A**.

15.     The subject policy of insurance does not list or identify a lending institution and/or bank as mortgagee on the declaration page of the policy.  See **EXHIBIT A**.

16.     The subject policy of insurance does not provide Loss of Income and/or Business Interruption Coverage.  See **EXHIBIT A**.

17.     On October 17, 2000, a fire occurred at the Hazardvilla Restaurant located at 276 North Maple Street, Enfield, Connecticut.  See State of Connecticut, Department of Public Safety-Division of the State Police investigation report dated October 19, 2000 attached as **EXHIBIT E** hereto.

18.     The investigating State Trooper, Detective William Lewis, determined that the fire at 276 North Maple Street, Enfield, Connecticut on October 17, 2000 was incendiary in origin and was caused by the perpetrator intentionally placing an accelerant soaked rag and papers in the attic and igniting them.  See **EXHIBIT E.**

19.     On October 17, 2000, Sergeant Scott Lewellyn of the Office of the State Fire Marshal's Office contacted the plaintiffs' insurance agent, Michael Battaglino and advised him of the subject fire loss.  See Property Loss Notice attached as **EXHIBIT F**, hereto.

20.     On October 19, 2000, a Property Loss Notice was received by the defendant, Lexington Insurance Company.  See October 19, 2000 dated correspondence from Surplex Underwriters to Bill Lamond of Lexington attached as **EXHIBIT G**, hereto.

21. The subject claim was assigned to William F. Lamond, Jr., a Senior Property Claims Examiner with Lexington Insurance Company.  <u>See</u> Page 26 of Deposition Transcript of William F. Lamond, Jr. attached as **EXHIBIT H**, hereto.

22. Lexington Insurance Company retained its own cause and origin expert, Gary Pease of EFI who also determined that the subject fire was intentionally set by the use of an incendiary device.  <u>See</u> report of Gary Pease of EFI is attached as **EXHIBIT I**, hereto.

23. On or about January 29, 2001, the plaintiffs' insurance agent, Michael Battaglino faxed to the Robert Coleman Insurance Services, Inc., correspondence requesting that the Coleman Agency submit to Lexington Insurance Company a Change Request adding a mortgagee to the subject policy.  <u>See</u> attached correspondence from Michael Battaglino with a facsimile date of January 29, 2001 attached as **EXHIBIT J** hereto.

24. Mr. Battaglino admits that the Hartford County Insurance Agency was not notified by the insured that a new mortgagee had an interest in the subject property.  <u>See</u> **EXHIBIT J**.

25. On June 25, 2001, the claim for damages to the Hazardvilla Restaurant stemming from the October 17, 2000 fire was denied by Lexington Insurance Company.  <u>See</u> Denial Letter attached as **EXHIBIT K** hereto.

26. On June18, 2001, the plaintiffs commenced this present action against the undersigned defendant.  <u>See</u> Plaintiffs' Complaint attached as **EXHIBIT L**, hereto.

27. The plaintiffs' complaint of June 18, 2001 alleged breach of contract, bad faith, violations of Connecticut Unfair Insurance Practices Act/Connecticut Unfair Trade Practices Act, emotional distress, negligence and seeking reformation of the subject policy.  <u>See</u> **EXHIBIT L**.

28. On December 29, 2004, the plaintiff's amended their complaint and removed the counts sounding in bad faith, violations of Connecticut Unfair Insurance Practices

4

Act/Connecticut Unfair Trade Practices Act and emotional distress and James Kelis as a party. See plaintiffs' Amended Complaint dated December 29, 2004, attached as **EXHIBIT M,** hereto.

29.     On January 28, 2005, the plaintiffs amended their complaint once again in which they withdrew their removal of James Kelis as a party.  See plaintiffs' Amended Complaint dated January 28, 2005, attached as **EXHIBIT N** hereto.

30.     In his deposition of April 15, 2005, William F. Lamond, Jr., a Senior Claims Examiner for Lexington Insurance Company testified that the subject policy insured the Kelis Corporation and that the plaintiff, Debra Kelis, was not an insured at that time.  See pages 100 and 101 of deposition transcript of William F. Lamond, Jr. dated April 15, 2005 attached as **EXHIBIT H** hereto.

31.     Furthermore, Mr. Lamond testified in his deposition of April 15, 2005 that the insured was the Kelis Corporation, d/b/a Hazardvilla Restaurant.  See **EXHIBIT H,** page 101.

32.     Mr. Lamond further testified at his deposition that a claim was received from Hazardvilla Restaurant.  See page 102 of **EXHIBIT H**.

33.     Mr. Lamond also testified that the subject policy did not list a mortgagee.  See page 122 of **EXHIBIT H.**

34.     Mr. Lamond testified that if the subject claim had been accepted, the named insured, Kelis Corporation dba Hazardvilla Restaurant would have been paid.  See page 122 of **EXHIBIT H.**

35.     In his deposition of April 15, 2005, Steven Silverman, Assistant Vice President of Underwriting for Lexington Insurance Company testified that the plaintiffs' initial application for insurance listed Kelis Corporation dba Hazardvilla Restaurant as insureds.  See page 15 Steven Silverman's deposition transcript of April 15, 2005 attached **EXHIBIT O**, hereto.

36.     Its unusual for the underwriting department to request actual policy documents from prior coverages of an insured in the application process.  <u>See</u> page 20 of **EXHIBIT O.**

37.     Mr. Silverman testified that the plaintiffs' initial application for insurance left the mortgagee interest question blank.  <u>See</u> page 23 of **EXHIBIT O.**

38.     When a mortgagee question is left blank on an application, its assumed that there is no mortgagee.  <u>See</u> page 23 of **EXHIBIT O.**

39.     Mr. Silverman testified that Lexington would not have knowledge of a bank and/or mortgagee interest unless they were requested to add a mortgagee to the policy.  <u>See</u> page 36 of **EXHIBIT O.**

40.     Mr. Silverman testified that the subject policy did not provide for business interruption coverage.  <u>See</u> page 54 of **EXHIBIT O.**

41.     Mr. Silverman testified that an applicant and/or insured must request business interruption coverage.  <u>See</u> pages 54 and 55 of **EXHIBIT O.**

42.     Mr. Silverman testified that Lexington received a request to add a mortgagee for the subject policy period from the Hartford County Insurance Agency after the subject loss had occurred.  <u>See</u> page 41 **EXHIBIT O** hereto.

43.     The plaintiff, James Kelis, and his wife, Deborah are the only two shareholders in Kelis Corporation.  <u>See</u> Page 7 **EXHIBIT P**.

44.     The plaintiff, James Kelis, and his wife, Deborah are the company.  <u>See</u>  Page 7, 44, 47 of **EXHIBIT P**.

45.     The plaintiff, James Kelis, never read the insurance policies procured for the subject restaurant.  <u>See</u> page 41 of **EXHIBIT P**.

46. The plaintiff, James Kelis, did not request Mike Battaglino of Hartford County Insurance Agency to obtain Loss of Income insurance for the business.  See page 42 of **EXHIBIT P**.

47. The plaintiff, James Kelis did not have any reason to request Loss of Income Insurance.  See page 42 of **EXHIBIT P**.

48. The plaintiff, Deborah Kelis, did not read the insurance policies for the Hazardvilla Restaurant.  See Page 25 Deposition Transcript of Deborah Kelis of March 3, 2005, attached as **EXHIBIT Q**, hereto.

49. The plaintiff, Deborah Kelis, did not know what Loss of Income insurance was and did not request it for the Hazardvilla Restaurant.  See Paged 25 and 26 of **EXHIBIT Q**.

50. The plaintiff, Deborah Kelis, testified that she and her husband are the Kelis Corporation.  See  Page 38 of **EXHIBIT Q**.

51. Subsequent to the denial of this claim, the plaintiff, James Kelis plead guilty to arson in the first degree pursuant to the Alford Doctrine in connection with the subject fire.  See Sentencing Transcript of James Kelis dated October 21, 2003, attached as **EXHIBIT  R**, hereto.

          DEFENDANT,  LEXINGTON INSURANCE
           COMPANY


By_____/S/_____
        Steven B. Ryan
        Skelley Rottner P.C.
        P.O. Box 340890
        Hartford, CT  06134-0890
        (860) 561-7077
        Fed. Bar No. ct22570

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was mailed, postage prepaid, on MAY 27, 2005 to the following counsel of record:

Jon D. Biller, Esq.
Biller, Sachs, Raio & Bonadies
2750 Whitney Avenue
Hamden, Ct  06518

                                                _____/S/_____
                                                    Steven B. Ryan


SR/231600