UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KELIS CORPORATION d/b/a HAZARDVILLA RESTAURANT, JAMS KELIS AND DEBORAH KELIS       Plaintiffs | : | CIVIL ACTION |
| v. | : | NO. 301CV 1120 CFD |
| LEXINGTON INSURANCE COMPANY       Defendant | : | July 15, 2005 |

## LOCAL RULE 56(a)2 STATEMENT

1. Admitted

2. Admitted

3. Denied – See Affidavit of Michael Battaglino at Memorandum in Opposition to Motion for Summary Judgment Exhibit 3

4. Denied – See Affidavit of Battaglino at Memorandum in Opposition to Motion for Summary Judgment Exhibit 3; see also Surplus Lines Affidavit listing Jim Kelis as Insured at Memorandum in Opposition to Motion for Summary Judgment Exhibit 17.

5. Denied – See Defendant's Exhibit B at Memorandum in Support of Motion for Summary Judgment; see also Application at Memorandum in Opposition to Motion for Summary Judgment as Exhibit 4; and Hermitage policy at Memorandum in Opposition to Motion for Summary Judgment Exhibit 7

6. Admitted

7. Admitted

8. Admitted

9. Admitted

10. Admitted

11. Denied – See Defendant's Exhibit D at Memorandum in Support of Motion for Summary Judgment; see also Affidavit of Battaglino at Memorandum in Opposition to Motion for Summary Judgment Exhibit 3, Affidavit of Kelis at Memorandum in Opposition to Motion for Summary Judgment Exhibit 2 and Deposition Excerpts of Robert Coleman to be supplied.

12. Admitted

13. Admitted

14. Admitted

15. Admitted

16. Denied – See Defendant's Exhibit A at Memorandum in Support of Summary Judgment; see also Policy at Memorandum in Opposition to Motion for Summary Judgment Exhibit 14.

17. Admitted

18. Admitted

19. Admitted

20. Admitted

21. Admitted

22. Admitted

23. Admitted

24. Denied – See Affidavit of Battaglino at Memorandum in Opposition to Motion for Summary Judgment Exhibit 3.

25. Admitted

26. Admitted

27. Admitted

28. Admitted

29. Admitted

30. Admitted

31. Admitted

32. Admitted

33. Admitted

34. Admitted

35. Denied – See Initial Application at Memorandum in Opposition to Motion for Summary Judgment Exhibit 4.

36. Denied – See Affidavit of Battaglino at Memorandum in Opposition to Motion for Summary Judgment Exhibit 3; see also Affidavit of Kelis at Memorandum in

       Opposition to Motion for Summary Judgment Exhibit 2 and Documents Listing Mortgage Holder at Memorandum in Opposition to Motion for Summary Judgment Exhibit 15.

37. Admitted

38. Denied - See Affidavit of Battaglino at Memorandum in Opposition to Motion for Summary Judgment Exhibit 3; see also Affidavit of Kelis at Memorandum in Opposition to Motion for Summary Judgment Exhibit 2 and Documents Listing Mortgage Holder at Memorandum in Opposition to Motion for Summary Judgment Exhibit 15.

39. Admitted

40. Admitted

41. Admitted

42. Admitted

43. Admitted

44. Admitted

45. Denied – Testimony of James Kelis and testimony of Deborah Kelis; also see Affidavit of Kelis at Memorandum in Opposition to Motion for Summary Judgment Exhibit 2.

46. Admitted

47.  Denied – Testimony of James Kelis and testimony of Deborah Kelis. See also Affidavit of Kelis at Memorandum in Opposition to Motion for Summary Judgment Exhibit 2

48.  Admitted

49.  Admitted

50.  Admitted

51.  Denied – See Defendant's Memorandum in Support of Motion for Summary Judgment Exhibit R.

## **DISPUTED ISSUES OF MATERIAL FACT**

1. In connection with the insurance policy which is the subject of this action, the Defendant required the insured to sign and swear to a document entitled a Surplus Lines Affidavit. See Surplus Lines Affidavit at Memorandum in Opposition to Motion for Summary Judgment Exhibit 17.

2. The Surplus Lines Affidavit as required by the Defendant as part of its agreement to insure the subject property in this case was signed by James Kelis as the insured in his individual capacity. See Surplus Lines Affidavit Exhibit 17, Affidavit of Kelis Exhibit 2 and Affidavit of Battaglino Exhibit 3 of Memorandum in Opposition to Motion for Summary Judgment.

      3.      The Surplus Lines Affidavit which was required by the Defendant to be executed by the insured and sworn to by the insured as part of the Defendant's agreement to provide insurance with respect to the subject policy in this case was signed by James Kelis in his individual capacity and not in his capacity as an officer of Kelis Corporation. See Surplus Lines Affidavit at Exhibit 17, Affidavit of Kelis at Exhibit 2 and Affidavit of Battaglino at Exhibit 3 of Memorandum in Opposition to Motion for Summary Judgment.

      4.      Prior to the fire which is the subject of this action, the Defendant was in possession of information showing that James Kelis was an insured in connection with the building which is the subject of this action.  See the Hermitage Policy at Exhibit 7, UTICA insurance document at Exhibit 9, Surplus Lines Affidavit at Exhibit 17, Affidavit of Kelis at Exhibit 2 and Affidavit of Battaglino at Exhibit 3 of Memorandum in Opposition to Motion for Summary Judgment.

      5.      Prior to the fire which is the subject of this action, the Defendant was in possession of documentation which it required to be completed by the insured which showed that James Kelis was the insured.  Surplus Lines Affidavit at Memorandum in Opposition to Motion for Summary Judgment Exhibit 17.

      6.      James Kelis signed the Surplus Lines Affidavit and has his signature sworn to. The notary portion of the Surplus Lines Affidavit documents that Mr. Kelis's signature was taken in his individual capacity and not in the corporate capacity or as an officer of Kelis

Corporation. Surplus Lines Affidavit at Memorandum in Opposition to Motion for Summary Judgment Exhibit 17.

7. The name, Hazardvilla Restaurant, as an insured in connection with the subject policy was intended to refer to James Kelis, the owner of the Hazardvilla Restaurant building. See Insurance Policy at Exhibit 14, Affidavit of Kelis at Exhibit 2, Affidavit of Battaglino at Exhibit 3 and the UTICA insurance document at Exhibit 9 of Memorandum in Opposition to Motion for Summary Judgment.

8. If James Kelis is named as an insured, then his wife, Deborah, would also be an insured. See Insurance Policy at Exhibit 14 and Definition Section of the Policy at Exhibit 10 of Memorandum in Opposition to Motion for Summary Judgment.

9. James and Deborah Kelis, as officers of Kelis Corporation, are insured in connection with the policy which is the subject matter of this action. See Insurance Policy at Exhibit 14 and Mortgage documentation at Exhibit 15 of Memorandum in Opposition to Motion for Summary Judgment.

10. James Kelis did business as owner of the Hazardvilla Restaurant building, and the Hazardvilla Restaurant is insured on the policy which is the subject of this action. See Insurance Policy at Exhibit 14 and Surplus Lines Affidavit at Exhibit 17 of Memorandum in Opposition to Motion for Summary Judgment.

11. There is no trade name certificate showing Kelis Corporation doing business as Hazardvilla Restaurant. Testimony of Town Clerk of the Town of Enfield.

12. There is no legal entity known as Hazardvilla Restaurant. Testimony of the Secretary of the State of Connecticut and Testimony of the Town Clerk of the Town of Enfield.

13. James Kelis owned the Hazardvilla Restaurant building, and James Kelis saw the Hazardvilla Restaurant as a named insured on his policy, he would have reasonably assumed that he had insurance coverage on his building. See Insurance Policy at Exhibit 14, Affidavit of Kelis at Exhibit 2, denial letter at Exhibit 1 and Affidavit of Battaglino at Exhibit 3 of Memorandum in Opposition to Motion for Summary Judgment.

14. If James Kelis read the declarations portion of his policy and saw that his building was insured for $525,000.00, that his corporation was listed as a named insured and that the Hazardvilla Restaurant was listed as an insured, he would have reasonably assumed that his interest as owner of the building was protected by the insurance policy. See Policy of Insurance at Exhibit 14, denial letter at Exhibit 1, Surplus Lines Affidavit at Exhibit 17, Affidavit of Kelis at Exhibit 2 and Affidavit of Battaglino at Exhibit 3 of Memorandum in Opposition to Motion for Summary Judgment.

15. With respect to the policy which is the subject of this action, the Defendant intended to insure the Hazardvilla Restaurant building and received a premium for providing coverage for the Hazardvilla Restaurant building. See Policy of Insurance at Exhibit 14 and Denial Letter at Exhibit 1 of Memorandum in Opposition to Motion for Summary Judgment.

16. With respect to the policy which is the subject of this action, the Defendant intended to insure the owner of the Hazardvilla Restaurant building. See Policy of Insurance at Exhibit 14 and Denial Letter at Exhibit 1 of Memorandum in Opposition to Motion for Summary Judgment.

17. James Kelis had an insurable interest in the Hazardvilla Restaurant building on the date of the fire which is the subject of this action. See Policy of Insurance at Exhibit 14, Affidavit of Kelis at Exhibit 2 and Affidavit of Battaglino at Exhibit 3 of Memorandum in Opposition to Motion for Summary Judgment.

18. The Defendant would not have charged an additional premium or changed its decision to issue the policy which is the subject of this action if the ABC mortgage company had been added to the declaration page of the policy. See Policy of Insurance at Exhibit 14 of Memorandum in Opposition to Motion for Summary Judgment; see also testimony of underwriting department and testimony of State of Connecticut Insurance Department.

19. The Defendant would not have charged an additional premium or changed its decision to issue the policy which is the subject of this action if the name, James Kelis was put next to the name Hazardvilla Restaurant as reflected on the Utica Insurance document and the Hermitage Insurance policy. See insurance documents at Exhibits 7 and 9 of Memorandum in Opposition to Motion for Summary Judgment; see also testimony of underwriting department and testimony of State of Connecticut Insurance Department.

20. The policy which is the subject of this action shows one insured, but the original application submitted to the Defendant shows two insureds. See Initial Application at Exhibit 4 and Insurance Policy at Exhibit 14 of Memorandum in Opposition to Motion for Summary Judgment.

21. The Defendant's broker made a mistake in not adding James Kelis next to the name Hazardvilla Restaurant when it procured the policy which is the subject of this action. See Insurance Policy at Exhibit 14 and Affidavit of Battaglino at Exhibit 3 of Memorandum in Opposition to Motion for Summary Judgment.

22. The Defendant or its broker made a mistake in not naming ABC Mortgage Company on the policy which is the subject of this action. See Affidavit of Battaglino at Exhibit 3 and Insurance Policy at Exhibit 14 Memorandum in Opposition to Motion for Summary Judgment.

23. The Defendant's broker knew that the Hazardvilla Restaurant building was subject to a mortgage. See Affidavit of Battaglino at Exhibit 3 and Hermitage policy at Exhibit 7 of Memorandum in Opposition to Motion for Summary Judgment.

24. In the various endorsements to its insurance policy, the Defendant refers to multiple insureds when it states that the policy is issued to "Hazardvilla Restaurant, et al." See Insurance Policy at Exhibit 14 of Memorandum in Opposition to Motion for Summary Judgment.

25.    The Defendant's denial letter was sent to James Kelis and references James Kelis as an insured:  See Denial Letter at Exhibit 1 of Memorandum in Opposition to Motion for Summary Judgment.

        THE PLAINTIFFS

    BY_____
        Jon D. Biller
        Biller, Sachs, Raio & Zito
        2750 Whitney Avenue
        Hamden, CT 06518
        (203) 281 1717
        Fed Bar No. CT 03546

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was mailed, postage prepaid, on the above date to the following counsel of record:

Skelley Rottner P.C.
P.O. Box 340890
Hartford, CT 06134-0890

                                                        Jon D. Biller