UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KELIS CORPORATION d/b/a HAZARDVILLE RESTAURANT, JAMES KELIS and DEBORAH KELIS | | |
|     Plaintiffs | : | CIVIL ACTION NO.: 301CV1120 CFD |
| v. | : | |
| LEXINGTON INSURANCE COMPANY | : | AUGUST 10, 2005 |
|     Defendant | | |

**REPLY TO THE PLAINTIFF'S OBJECTION TO THE
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The undersigned defendant, Lexington Insurance Company, hereby replys/responds to the plaintiffs' Objection to the undersigned defendant's Motion for Summary Judgment dated May 27, 2005. The undersigned defendant's arguments are more fully set forth below.

**A. The defendant has moved for summary judgment as to the Third and Fourth Counts of the plaintiff's amended complaint in their entirety.**

The plaintiff has argued in its Objection that the Motion for Summary Judgment should be denied as it cannot be granted as to portions of a count. However, the plaintiffs are mistaken in that the first sentence of the undersigned's Motion for Summary Judgment dated May 27, 2005 states "Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 9(c), the defendant, Lexington Insurance Company, moves for Summary Judgment, as to the *Third* and *Fourth* Count in the plaintiff's Amended Complaint dated January 28, 2005." See defendant's Motion for Summary Judgment dated May 27, 2005 (emphasis added). It is quite clear from the

Motion for Summary Judgment that the undersigned defendant is moving for summary judgment as to the Third and Fourth Count of the plaintiffs' Amended Complaint dated January 28, 2005 in their entirety.  This argument is clearly without merit.

### B. There is still no issue of material fact that the Plaintiffs, James and Deborah Kelis do not have standing to sue on behalf of a mortgagee or individually as they were not parties to the subject policy of insurance.

Even if the plaintiffs facts as stated in their objection are taken as true, the plaintiffs James and Deborah Kelis do not have standing to sue on behalf of a mortgagee against the subject contract of insurance.  In their Amended Complaint of January 20, 2005, the plaintiffs allege in the Third Count that the undersigned defendant was negligent in failing to include the plaintiffs' bank as a mortgage holder on the policy.  In the Fourth Count, the plaintiffs are seeking an equitable decree to reform the policy to include a bank and/or the mortgage holder.  Quite simply, James and Deborah Kelis are not the proper party to request an adjudication of whether the undersigned defendant was negligent in failing to include a mortgagee on the policy and/or whether the policy should be reformed to add the mortgagee.  As is it already argued in its Motion for Summary Judgment, the undersigned defendant submits to this court that the proper party to adjudicate any claim on behalf of the mortgagee is the mortgagee itself, not the plaintiffs, James and Deborah Kelis.  The party that has a negligent cause of action against the undersigned defendant for failure to add it to the subject policy of insurance and/or the equitable right to reform the policy to include the mortgagee would be the mortgagee itself.  See Tomlinson v. Board of Education for the City of Bristol, 226 Conn. 704, 717 (1993).  The plaintiffs, James and Deborah Kelis, do not have the authority to bring suit on behalf of any mortgagee and therefore, do not have standing.

The plaintiffs' further argue in their Objection that they are not attempting to sue in the name of the mortgagee holder and that there is no question of standing as it pertains to the mortgage holder claim. However, the plaintiffs are seeking a negligent cause of action and the equitable remedy of reformation in connection with the failure to name James and Deborah Kelis individually and/or name the mortgagee on the subject policy of insurance. It is quite clear that the following remedies sought by the plaintiff are remedies that should be sought by the mortgagee itself, not the plaintiffs. In addition, as submitted in its initial Motion for Summary Judgment, the mortgagee was not a party to the subject policy of insurance and therefore, lacks standing to sue.

As it further argued in its Motion for Summary Judgment, the undersigned defendant submits once again that the mortgagee and/or the plaintiffs, James and Deborah Kelis do not have standing to make a claim against the subject policy of insurance, as they were not parties to the subject contract. In addition, standing is an issue that must be established first before the issue of whether the plaintiffs, James and Deborah Kelis, as well as the mortgagee can even consider brining a cause of action or seeking remedies as to the subject policy of insurance. Therefore, the undersigned defendant's Motion for Summary Judgment should be granted.

**C. Even if the plaintiffs' facts as identified in their objection are true, there is still no issue of material fact that there is no mutual mistake and/or negligence as to the defendant and reformation of the subject policy is not warranted in the present case.**

Even if the plaintiffs' facts are taken as true, there is no issue of material fact that the undersigned defendant was negligent in failing to list a mortgagee, the plaintiffs, James and Deborah Kelis as individuals and/or loss of income insurance on the subject policy of insurance.

3

The plaintiffs have failed to produce evidence of any negligence as to Lexington Insurance Company and/or any mutual mistake. The plaintiffs argue that their insurance agent, Michael Battaglino, was of the understanding that when the Lexington policy was issued it listed mortgage holder as "none" and further states in his affidavit that the "ABC Mortgage Company was not transferred to the Lexington policy and this, in my opinion, represents a mistake." See Exhibit 3 of plaintiffs' Objection. Whether Mr. Battaglino's opinion as to ABC Mortgage not being listed on the subject policy of insurance was a mistake is completely irrelevant. Whether Mr. Battaglino thought it was a "mistake" still does not present an issue of fact for the plaintiffs. It simply confirms the defendant's position that there was no "mutuality of mistake." Furthermore, Mr. Battaglino in his affidavit states that if the mortgage holder would have been added there would have been no changes in the premium and that is what Mr. Battaglino states "what I believe was the intent of the parties all along." His opinion as to the intent of the parties all along confirms the defendant's position that there was no mutual mistake, but simply a unilateral mistake that was not coupled with fraud. The plaintiffs have not presented any evidence that the defendant had knowledge, actual or constructive, that it was to add a mortgagee, James and Deborah Kelis, as individuals or to include coverage for loss of income.

In addition, the plaintiffs argue that the undersigned defendant's agent, Robert Coleman, knew of the mortgage that was added to a policy prior to the issuance of a policy by the undersigned defendant. Once again the knowledge of Mr. Coleman as to a mortgage on a prior policy is irrelevant in connection with the subject policy. However, the plaintiffs have not submitted any evidence that the undersigned defendant knew of this prior mortgage or that a mortgagee was requested to be added at the inception of the policy with Lexington Insurance Company. In addition, Michael Battaglino was acting as an agent with the express authority to procure insurance on behalf of Kelis Corporation d/b/a Hazardvilla Restaurant and the plaintiff

James and Deborah Kelis in their capacity as officers for said corporation. Mr. Battaglino submitted and application to Robert Coleman to procure insurance for the Kelis Corporation d/b/a Hazardvilla Restaurant. The application submitted by Mr. Battaglino with a fax date of February 19, 1999 does not request that a mortgagee be added to a subject policy of insurance. Whether Mr. Battaglino was of the opinion that a mortgagee should have been added to the subject policy of insurance is irrelevant, because the application submitted by Mr. Battaglino did not request one. Furthermore, in his deposition of June 17, 2005, Robert Coleman, the agent of Lexington Insurance Company, testified that the subject application did not request a mortgagee. See page 54 of the deposition transcript of Robert Coleman attached as **EXHIBIT A**, hereto. Mr. Coleman's testimony simply confirms Lexington's position that a mortgagee was not requested.

Furthermore, any argument by the plaintiffs that prior policies and prior policy applications have any relevance to the subject policy or any policies under written by the undersigned defendant have no bearing on the present case. The prior policies and applications did not involve this defendant, Lexington Insurance Company and therefore, those prior applications and/or policies do not raise an issue of material fact as to any mutual mistake and/or negligence of Lexington.

The plaintiffs also argue that they do not take the position that if a question is left blank on an application that means "none." Whether the application in the subject policy of insurance was left blank or inserted with the word "none" which the defendant claims is the same thing, the plaintiffs missed the point that a mortgagee was not requested and therefore, was not placed on the subject policy of insurance.

The plaintiffs also alleged, inter alia, that the undersigned defendant was negligent in failing to include the plaintiffs' bank as a mortgagee holder on the policy, failing to provide plaintiffs

5

with loss of income insurance and for failing to name James and Deborah Kelis individually as named insureds and that said negligence included failing to obtain information from the plaintiffs and their agents, failing to review prior policies and other information and failing to have the plaintiffs review the policies for completeness and accuracy.  See Exhibit M of defendant's Motion for Summary Judgment.  However, the plaintiff has failed to provide any evidence that the undersigned defendant knew or should have known that it was to add a mortgage holder on the policy, provide loss of income insurance on the policy, and/or to name James and Deborah Kelis individually as named insureds.  Quite simply, Lexington Insurance Company issued a policy based on the application that was submitted by the plaintiffs' insurance agent, Mr. Battaglino to Mr. Coleman, the undersigned's agent, which did not include a request for a mortgagee, loss of income insurance and/or a request naming James and Deborah Kelis as individual named insureds.

There was no duty on the part of Lexington Insurance Company to investigate the application beyond what was being requested.  Even if the subject application was wrong and/or incomplete as the plaintiffs claim, there was nothing in the application itself that would have triggered a duty to investigate further.  See Clemons v. American Casualty Co., 840 F. Supp. 160, 167 (D.MD 1993); Pinette v. Assurance Company of America, 52 F3d 403, 407, (2nd Cir. 1995) (applying Connecticut law).  Furthermore, Lexington Insurance Company is under no obligation to investigate property records to identify each individual with an ownership interest in connection with the issuance of a fire insurance policy."  See Mazon v. Camden Fire Insurance Association, 182 W.Va. 532 (1990).  The co ownership of property itself does not entitle the plaintiffs to insurance proceeds.

It's the undersigned defendant's position that there is no "mysteriously missing documents" as the plaintiffs have submitted.  It is Lexington Insurance Company's position that the original

6

application submitted by Mr. Battaglino in 1999 was again used in 2000 as the application for insurance to procure a renewal policy with Lexington Insurance Company. The practice of utilizing an initial application as a renewal application is quite common. Even if the plaintiff is correct is that the 2000 renewal application is "mysteriously missing" it does not raise an issue of fact.

The plaintiffs claim that Exhibit 17 of their Objection, (a surplus lines affidavit executed by the plaintiff, James Kelis) somehow raises an issue of fact that the defendant was negligent in failing to name Mr. Kelis individually in the subject policy of insurance. The plaintiffs' argument that James Kelis executed said document individually and not as an officer of the Kelis Corporation is without merit. The only two individuals that were authorized to act on behalf of the company were James Kelis and Deborah Kelis, as the sole shareholders and officers of said corporation. Who else would have signed said affidavit on behalf of Kelis Corporation d/b/a Hazardvilla Restaurant besides the president himself and/or the only other corporate officer, Deborah Kelis? In addition, said documents expressly identified the insured as Kelis Corporation d/b/a Hazardvilla Restaurant. Mr. Kelis' execution of that affidavit constitutes confirmation that the Kelis Corporation d/b/a Hazardvilla Restaurant was indeed the only insured. If Mr. Kelis thought he and his wife should be listed as individuals on the subject policy, he should have raised the issue when he executed said affidavit and corrected any alleged misstatements in the body of the affidavit. The affidavit does not raise an issue of material fact as to whether the defendant was negligent for failing to name James and/or Deborah Kelis as individual insureds on the subject policy of insurance.

In the deposition of Lexington's agent, Robert Coleman, Mr. Coleman testified that after the loss he had a conversation with the plaintiffs' agent, Michael Battaglino about why the mortgage

holder bank was not listed on the policy. At Mr. Coleman's deposition, the plaintiffs' counsel asked the following:

> Q: "What was that discussion about?"
>
> A: "That discussion involved Mike Battaglino had all the Kelises…Kelis was his client. And as he told me, he had added…he had changed mortgagees or whatever he did. And his personal lines department had changed there…I'm going to guess their house, whatever their personal lines exposure was, cars, what have you. They changed the mortgagee to the correct mortgagee when the insured refinanced, but he never took care of the commercial policy which he had in place through me with Lexington."
>
> Q: "Do I understand your statement to be…so I can break it down to make sure I understand it, that Mr. Battaglino indicated to you that the insured made him aware that some kind of change in mortgage holder situation, and that effectuated the change with respect to the personal lines, but that he, that is Mr. Battaglino, did not effectuate that change on the commercial policy that your agency had assisted in procuring? Do I understand that to be correct?"
>
> A: "That is correct. And this information came to us after the claim, after the loss. We didn't know this for a year and a half or whatever length of time. This had taken place prior."

See pages 25-26 of **EXHIBIT A**.

It is quite clear from the testimony of Mr. Coleman that the plaintiffs' authorized agent, acting with the expressed authority to procure insurance for the plaintiffs, did not effectuate a change or request that a mortgagee be added to the subject policy of insurance prior to the date of loss. This confirms the defendant's position that any mistake was simply a unilateral mistake by the plaintiffs or their agent.

  At the deposition of Mr. Coleman, the follow line of questioning also occurred:

  Q: "Sounds to me like Mr. Battaglino either acknowledged or admitted that he should have done something further with his knowledge concerning the mortgagee change with connection to the commercial policy that your insurance agency is assisted in procuring. Did it appear to be that case to you that he admitted or acknowledged that to you?"

  Mr. Sullivan: Object to form.

  Q: "You can answer that if you understand."

  A: "I would guess it sounds like that."

See page 27 of **EXHIBIT A**.

 Mr. Coleman also testified that in his business, agents to not send prior policies to get the same coverage. See pages 46-47 of **EXHIBIT A**. Mr. Coleman also indicated that agents rarely send them prior policies and they don't want prior policies, because it doesn't tell them anything. See page 47 of **EXHIBIT A**. Mr. Coleman testified that the blank on the subject initial application means that there is no mortgage holder and he further testified that no additional insured or loss payee was listed. See page 53 of **EXHIBIT A**. Mr. Coleman further admitted in his deposition testimony that there was no mortgage holder shown on the policy which is consistent with the application in which no mortgage holder was requested. See pages 59-60 of **EXHIBIT A**. Mr. Coleman further confirmed the defendant's underwriter, Mr. Steven Silverman's testimony that when there is no mortgage holder shown, one would assume there is no mortgagee. See pages 59-60 of **EXHIBIT A**. Mr. Coleman's agency would act on the information that the agent was sending them and that they would take that information and send it to the carrier whether its deleting the mortgagee or requesting to add coverage requesting the mortgagee. See pages 96-97 of **EXHIBIT A**. Mr. Coleman admitted at his deposition that they

process insurance applications as they are requested to by the agents such as the plaintiffs, Mr. Battaglino.  See page 97 of **EXHIBIT A**.

It is quite clear that there is no evidence that Lexington was negligent in failing to name a mortgagee, James and Deborah Kelis as individuals and/or including coverage for loss of income insurance on the subject policy of insurance.  Furthermore, reformation of said policy is not warranted as there was no mutual mistake.

WHEREFORE, the undersigned defendant respectfully requests the Court to Overrule the plaintiff's objection and enter judgment as a matter of law in favor of the defendant as to the Third and Fourth Counts.

                DEFENDANT, LEXINGTON INSURANCE
                 COMPANY

By_____/S/_____
        Steven B. Ryan
        Skelley Rottner P.C.
        P.O. Box 340890
        Hartford, CT  06134-0890
        (860) 561-7077
        Fed. Bar No. ct22570

# **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed, postage prepaid, on August 10, 2005, to the following counsel of record:

Jon D. Biller, Esq.
Biller, Sachs, Raio & Bonadies
2750 Whitney Avenue
Hamden, CT 06518
*(203) 281-1717 phone*

                                              /S/
                                        Steven B. Ryan

SR/234323