# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| KELIS CORPORATION d/b/a : <br> HAZARDVILLA RESTAURANT, : <br> JAMES KELIS and DEBORAH KELIS, : <br>     plaintiffs : <br>     : <br> v. : <br>     : <br> LEXINGTON INSURANCE COMPANY, : <br>     defendant : | Civil Action No. 3:01CV1120 (CFD) |

## ORDER

On June 18, 2001, Kelis Corporation d/b/a Hazardvilla Restaurant, James Kelis, and
Deborah Kelis filed suited against Lexington Insurance Company.  On December 29, 2004, the
plaintiffs filed their First Amended Complaint and on January 28, 2005, the plaintiffs filed a
Second Amended Complaint.  The Second Amended Complaint alleges breach of contract for
failure to compensate plaintiffs for damage to the Hazardvilla Restaurant and property therein,
breach of contract for failure to compensate plaintiffs for damage to business personal property,
negligent failure to include the mortgage holder, loss of income insurance, and James and
Deborah Kelis individually on the policy, and reformation of the insurance contract.  On May 27,
2005, Lexington filed a motion for summary judgment as to Counts Three (negligence) and Four
(reformation) of the Second Amended Complaint.  For the reasons described below the
defendant's motion is granted in part and denied in part.

## I.      Background

James and Deborah Kelis are the sole shareholders and officers of the Kelis Corporation
which did business as the Hazardvilla Restaurant.  James and Deborah Kelis owned the

-1-

restaurant building and leased it to the Kelis Corporation, which owned the restaurant equipment and inventory.

In 1999, Lexington Insurance Company issued a multi-peril insurance policy covering the restaurant. The Kelises worked with Michael Battaglino, an insurance agent with the Hartford County Insurance Agency. Battaglino in turn worked with Robert Coleman Insurance Services Inc., a wholesale insurance broker, to procure insurance for the Kelises. In Feburary 2000, the Kelises applied for renewal of the policy. According to the declarations page, the policy was issued to "Kelis Corp. dba Hazardvilla Restaurant" and no mortgage holder was identified.

On October 17, 2000, a fire occurred at the Hazardvilla Restaurant. On October 19, 2000, a Property Loss Notice was received by Lexington. On June 25, 2001, the claim for damages was denied because Lexington believed that one of Mr. Kelis's employees set the fire at his direction.

## II.    Summary Judgment Standard

In the context of a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). In ruling on a motion for summary judgment the Court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992). Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991), cert. denied, 502 U.S. 849 (1991); see also Suburban Propane v. Proctor Gas, Inc., 953 F.2d 780,

788 (2d Cir. 1992).

**III.   Defendant's Motion for Summary Judgment**

In its motion for summary judgment, Lexington argues that James and Deborah Kelis do not have standing to bring suit on behalf of the mortgage holder, that James and Deborah Kelis do not have standing to bring suit individually, that there is no evidence of negligence, and that reformation of the Policy is not warranted.

**A.      Standing**

According to the Kelises, they seek to have the mortgage holder added to the policy because they believe that, under the policy, Lexington was obligated to pay off their mortgage even if they were not personally entitled to coverage because of the arson.  Thus, the Kelises have standing to bring their claims that the mortgage holder was negligently omitted from the insurance contract and that the contract should be reformed to add the mortgage holder.  The Kelises also have standing to bring their claims that they were negligently omitted from the insurance contract and that the contract should be reformed to add them as individual insureds. Cf. Corpus Juris Secondum**,** Reformation of Instruments § 49 ("A beneficiary omitted from a contract contrary to the intention of the parties is entitled to reformation as is the third-party beneficiary of an insurance policy, even though he was not a party to the contract.")**.**

**B.      Reformation of the Contract and Negligence**

"Reformation is appropriate in cases of mutual mistake-that is where, in reducing to writing an agreement made or transaction entered into as intended by the parties thereto, through mistake, common to both parties, the written instrument fails to express the real agreement or transaction···· [R]eformation is also available in equity when the instrument does not express the

true intent of the parties owing to the mistake of one party·····" <u>Derby Sav. Bank v. Oliwa</u>, 49

Conn.App. 602, 604, 714 A.2d 1278, 1279 (Conn. App. 1998), (quoting <u>Harlach v. Metropolitan</u>

<u>Property & Liability Ins., Co.</u>, 221 Conn. 185, 190-91, 602 A.2d 1007 (1992)).

The Court finds that there are genuine issues of material fact as to whether the insurance

policy was intended to cover the owner of the subject property and whether it was intended to

include a mortgage holder.  Among other evidence, the Court notes that, at his deposition,

Coleman testified that he believed that the Kelis Corporation and the Hazardvilla Restaurant

were listed as the named insureds because one of the two owned the insured property.  In

addition, the Court notes that Coleman knew that there was a mortgage on the property in 1998.

Accordingly, summary judgment is denied as to the Kelises' claims that they and the mortgage

holder were negligently omitted from the insurance policy and that the policy should be reformed

to include them.

However, the Court finds that there is no genuine issue of material fact about whether the

insurance policy was intended to include loss of income insurance.  The plaintiffs do not point to,

and the Court cannot find, any evidence suggesting that the parties discussed loss of income

insurance, or that it was intended to be included on the insurance policy.  Contrary to the

plaintiffs' argument, the Court may grant summary judgment as to a portion of a claim in a case.

<u>See</u> Fed. R. Civ. P. 56(d) (Court may "make an order specifying the facts that appear without

substantial controversy . . . and directing such further proceedings in the action as are just.");

Fed. R. Civ. P. 56, Advisory Committee Notes (1946) (noting that Rule 56(d) "serves the

purpose of speeding up litigation by eliminating before trial matters wherein there is no genuine

issue of fact.").  Accordingly, summary judgment is granted as to the plaintiffs' claims that loss

of income insurance was negligently omitted from the insurance policy and that it should be reformed to add loss of income coverage.

**IV.    Conclusion**

Accordingly, defendant's Motion for Summary Judgment [Doc. #66] is GRANTED in part and DENIED in part.

**SO ORDERED** this _30__th day of January 2007, at Hartford, Connecticut.

_____

_____    /s/ CFD

_____    **CHRISTOPHER F. DRONEY**

**UNITED STATES DISTRICT JUDGE**